THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHARD WALKER,                                                                 Plaintiff,

v.

ALLIANCE OUTDOOR GROUP, INC.,
c/o Nathan M. Stieren, Registered Agent
21673 Cedar Avenue S
Lakeville, MN  55044

Serve On:   Clerk, State Corporation Commission
            1300 E. Main Street, Tyler Building
            Richmond, VA  23209
            City of Richmond,

And

ALLIANCE OUTDOORS PRODUCTS, INC.,
d/b/a X-STAND TREESTANDS,
c/o Nathan M. Stieren, Registered Agent
14607 Felton Court, Suite 116
Apple Valley, MN  55124

Serve On:   Clerk, State Corporation Commission
            1300 E. Main Street, Tyler Building
            Richmond, VA  23209
            City of Richmond,                                                   Defendants.

**COMPLAINT**

Jurisdiction is founded on diversity of citizenship and amount, 28 U.S.C. §1332. The plaintiff, Richard Walker, is a citizen of the Commonwealth of Virginia. Defendant, Alliance Outdoor Group, Inc., is a public corporation incorporated in and pursuant to the laws of Minnesota, whose principal place of business is in a state other than Virginia. Defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, is a public corporation incorporated in and pursuant to the laws of Minnesota, whose principal place of business is in a state other than Virginia. The accident giving rise to this Complaint occurred in the Commonwealth of Virginia. The amount in

1

controversy exceeds the amount of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

**STATEMENT OF FACTS:**

1. That the defendants, Alliance Outdoor Group, Inc. and Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, designed, manufactured, marketed, distributed, delivered, sold, tested, and inspected a certain tree stand manufactured by the defendants and/or companies under the control of the defendants known as a Silent Adrenaline Tree Stand, Model Number 5X-0815XSCT334 (Tree Stand) for use by the plaintiff in his recreational pursuit of outdoor game hunting.

2. That on or about October 14, 2018 on property at 10135 Fire Tower Road in Toano, Virginia, the plaintiff was using the aforesaid Tree Stand for its ordinary and intended purpose of allowing the plaintiff to climb a tree to hunt when one of the cables to the tree stand failed and the plaintiff fell eight to ten feet, causing the plaintiff to be injured.

3. That the aforesaid tree stand allows a hunter to climb trees by attaching straps and/or cables around the tree for the purpose of ascending to a sufficient height to hunt game such as deer from a concealed position. The Tree Stand has two sections. The bottom section is the standing platform, which the defendants call the foot section and the top section is the climbing aid, which the defendants call the seat section. Each section of the Tree Stand has a cable assembly that encircles the tree to support the hunter. The cable assembly is adjustable and must first be adjusted to properly fit the tree before the hunter climbs to his or her desired hunting position.

4. That the hunter climbs the tree by placing the hunter's weight, and the weight of the carried hunting equipment, on the seat section and raising the foot section up the tree with the hunter's feet and legs. The hunter then transfers his weight to the foot section, utilizing the cable

assembly and the saw teeth of the foot section for support, and raises the seat section. Once the seat section has been raised, the hunter once again supports all of his weight and the weight of the hunting equipment with the upper seat section and its cable assembly, and raises the lower foot section with his feet and legs. This process is repeated until the hunter reaches the desired height and position on the tree that provides a good vantage point to hunt.

5. That the cable assembly on the seat section is repeatedly loaded and unloaded as the hunter climbs the tree, first putting all of the individual's weight on the foot section and then putting all their weight on the seat section.

6. That the cable assembly that failed on Mr. Walker's Tree Stand is an essential part of the load supporting structure of the Tree Stand. The cable assembly is comprised of two 3/32 inch diameter wire ropes inserted through a series of rectangular segments. The segments in the failed cable, in the area of the failure, all appear to be approximately 1¼ inch long extruded aluminum segments. The wire ropes are secured at one end to form a loop passing through the rectangular segments. The wire ropes and aluminum segments are sheathed by a polymer jacket or plastic cover. The entire weight of the hunter is repeatedly supported by the wire ropes that are part of the cable assembly while the hunter is ascending and securing the tree stand to the tree at the desired hunting height and position.

7. That the cable assembly on the seat section of the plaintiff's Tree Stand failed at the fixed end of the cable next to the support, and the plaintiff fell from the tree he was climbing.

8. That the plaintiff had purchased the tree stand from the Sportsman's Guide in approximately May 2015. Before the fall, the plaintiff used the Tree Stand for its ordinary intended purpose of aiding his hunting activities.

9. That the Tree Stand was designed, manufactured, distributed and sold as being safe and suitable for an individual up to 300 lbs. for its ordinary and intended purpose. At the time of the fall the plaintiff and his hunting gear weighed less than 300 lbs.

## COUNT I

10. That the Tree Stand in question had design defects that rendered the product defective, dangerous, unreasonably dangerous, inherently dangerous, unsafe and unsuitable for the use of the plaintiff and not of merchantable quality. The cable assembly that broke was defective, dangerous, unreasonably dangerous, inherently dangerous, unsafe and unsuitable for the use of the plaintiff and not of merchantable quality. The cable assembly was defectively designed as follows:

A) it was under designed for its foreseeable use by a hunter, using the type, diameter and strength of steel wire found inside the cable assembly. The two sections of 3/32 inch diameter wire rope used to support the load on the seat section are subjected to a load exceeding the working load of the wire ropes. The cable assembly does not provide an adequate factor of safety.

B) it defectively aligns the cable assembly with the 1 ¼ inch long aluminum segments puts the 3/32 inch diameter wire ropes in a small bend radius as the cable assembly encircles the tree. This small bend radius causes the aluminum segments to wear on the wire rope and creates stress and fatigue in the wire rope, leading to failure of the wire rope.

C) its design failed to consider adequately the fact that the steel wire rope is subjected to an outdoor environment and the wire rope does not have adequate corrosion resistance. As the wire rope is repeatedly loaded, the metal segments of the cable assembly wear on the wires and strands of the wire rope, wearing away any corrosion protection that was applied to the wire rope.

The wire rope is hidden inside the aluminum rectangular segments and the polymer jacket, and cannot be inspected with the polymer jacket and rectangular segments in place.

     D) the Tree Stand was otherwise negligently designed.

     11.    That the cable failed on the date of the accident as a result of the stress placed upon the cable during its ordinary intended use as a result of the defective design and manufacture of the product as stated above.  Increasing the size of the wire rope and eliminating the stress risers and the potential of corrosive weakening of the wire rope would significant increase the safety of the tree stand and would have prevented the plaintiff's fall in this case.

     12.    That the defendants negligently designed, manufactured, tested, and inspected the climbing tree stand.  The defendants negligently failed in this duty specifically as aforesaid and in other manners and was negligent and as such the plaintiff was injured.

     13.    That as a direct and proximate result of the negligence of the defendants, as aforesaid, the plaintiff suffered severe and permanent injuries and has suffered and will continue to suffer in the future great pain of body and mind, and the plaintiff has incurred and will be compelled to incur in the future, large expenses for medical, hospital and doctors' bills in an effort to be cured of his injuries and be relieved of his pain and suffering and the plaintiff has been prevented from engaging in his regular and gainful occupation and business and has suffered loss of income and earnings and will be compelled to suffer loss of income and earnings in the future, and the plaintiff has suffered other damages.

## **COUNT TWO**

     The plaintiff repeats, realleges and repleads all of the allegations in paragraphs numbered 1 through 13 inclusive of Count One in the same force and effect as though they were herein fully and specifically set forth in detail.

14. That the defendants impliedly warranted that the aforesaid Tree Stand was not defective, dangerous, unreasonably dangerous, or inherently dangerous and that it was safe and suitable for the use of the plaintiff and that it was of merchantable quality and fit for the intended uses and for the general and particular purposes for which it was designed, manufactured, marketed, distributed, delivered, sold, tested and inspected, and that in fact the aforesaid climbing tree stand was defective, dangerous, unreasonably dangerous, inherently dangerous and not safe or suitable for the use of the plaintiff and was not of merchantable quality and was not fit for the intended uses and for the general and particular purposes for which it was designed, manufactured, marketed, distributed, delivered sold, tested and inspected, and did not comply with the implied warranties made by the defendant, as aforesaid.

15. That as a direct and proximate result of the breach of the implied warranties made by the defendants, as aforesaid, the plaintiff suffered severe and permanent injuries and has suffered and will continue to suffer in the future great pain of body and mind, and the plaintiff has incurred and will be compelled to incur in the future, large expenses for medical, hospital and doctors' bills in an effort to be cured of his injuries and be relieved of his pain and suffering and the plaintiff has been prevented from engaging in his regular and gainful occupation and business and has suffered loss of income and earnings and will be compelled to suffer loss of income and earnings in the future, and the plaintiff has suffered other damages.

## COUNT THREE

The plaintiff repeats, realleges and repleads all of the allegations in paragraphs numbered 1 through 15 inclusive of Counts One and Two in the same force and effect as though they were herein fully and specifically set forth in detail.

16. That the defendants expressly warranted that the Tree Stand was not defective, dangerous, unreasonably dangerous, or inherently dangerous, and it was safe and suitable for the use of the plaintiff, specifically that the climbing tree stand would support weights up to 300 lbs., and that it was of merchantable quality and fit for the intended uses and for the general and particular purposes for which it was designed, manufactured, marketed, distributed, delivered, sold, tested, and inspected, and that in fact the aforesaid was defective, dangerous, unreasonably dangerous, inherently dangerous, and not safe or suitable for the use of the plaintiff and was not of merchantable quality and not fit for the intended uses and for the general and particular purposes for which it was designed, manufactured, marketed, distributed, delivered, sold, tested and inspected, and did not comply with the express warranties made by the defendant, as aforesaid.

17. That as a direct and proximate result of the breach of the express warranties made by the defendants, as aforesaid, the plaintiff suffered severe and permanent injuries and has suffered and will continue to suffer in the future great pain of body and mind, and the plaintiff has incurred and will be compelled to incur in the future, large expenses for medical, hospital and doctors' bills in an effort to be cured of his injuries and be relieved of his pain and suffering and the plaintiff has been prevented from engaging in his regular and gainful occupation and business and has suffered loss of income and earnings and will be compelled to suffer loss of income and earnings in the future, and the plaintiff has suffered other damages.

## **COUNT FOUR**

The plaintiff repeats, realleges and repleads all of the allegations in paragraphs numbered 1 through 17 inclusive of Counts One, Two and Three in the same force and effect as though they were herein fully and specifically set forth in detail.

18. That the defendants negligently failed to warn the plaintiff of the dangers associated with the use of the cable and/or straps that were part of the Tree Stand, and negligently failed to warn the plaintiff of the defective, dangerous, unreasonably dangerous, inherently dangerous, condition of the aforesaid climbing tree stand and in fact it was defective, dangerous, unreasonably dangerous, inherently dangerous and not safe and suitable for the use of the plaintiff. The defendants failed to provide adequate warnings regarding the length of time these cables were safe to remain in service and failed to warn the plaintiff that the strap would deteriorate over a period of time and in fact was subject to breaking due to stress placed on the cable over time. The defendants failed to attach any warnings on the cables themselves at their point of use regarding the length of time that these cables should have been used.

19. That the instructions provided to the user of the Tree Stand are inadequate and do not provide the user with adequate information or warnings to minimize the risk associated with the climbing sections of the Tree Stand. While the instructions and warnings contained in the manual to the Tree Stand instruct users to inspect/check all expiration dates/tags, and to replace all "straps" and "suspension seats" every year, there is no expiration date on the cable assembly used to support the hunter, and the cable assembly is not a "strap" or a "suspension seat," as it is separately labeled a "cable" in the instruction manual. That is, the Tree Stand manual references "straps" and a "safety seat," but those terms define different components to the Tree Stand than the cable assembly, which is separately denoted in the manual, and which does not include a separate warning concerning the cable assembly specifically.

20. That as a direct and proximate result of the negligence of the defendants, as aforesaid, the plaintiff suffered severe and permanent injuries and has suffered and will continue to suffer in the future great pain of body and mind, and the plaintiff has incurred and will be

8

compelled to incur in the future, large expenses for medical, hospital and doctors' bills in an effort to be cured of his injuries and be relieved of his pain and suffering and the plaintiff has been prevented from engaging in his regular and gainful occupation and business and has suffered loss of income and earnings and will be compelled to suffer loss of income and earnings in the future, and the plaintiff has suffered other damages.

WHEREFORE, the plaintiff demands judgment against the defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), prejudgment interest from the date of the accident, and costs for damages resulting as aforesaid.

TRIAL BY JURY IS DEMANDED.

RICHARD WALKER

By Counsel

\_\_\_\_/s/ William B. Kilduff_____
William B. Kilduff, Esquire
VSB # 16665
Christopher L. Spinelli, Esquire
VSB # 51132
EMROCH & KILDUFF, LLP
3600 West Broad Street, Suite 700
P. O. Box 6856
Richmond, VA  23230-0856
(804) 358-1568
(804) 353-5817 (fax)