IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHARD WALKER,

      Plaintiff,

                                  Case No: 3:20-cv-773

v.

ALLIANCE OUTDOOR GROUP, INC.
And ALLIANCE OUTDOORS
PRODUCTS, INC., d/b/a X-STAND
TREESTANDS,

      Defendants.

---

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO OTHER INCIDENTS**

Defendant Alliance Outdoor Group, Inc., Defendant Alliance Outdoors Products, Inc. ("Defendants" or "Alliance"), by and through their attorneys, hereby submit their Memorandum of Law in Support of Motion *in Limine* to Preclude References to Other Incidents.

## I.       INTRODUCTION

Defendants Alliance Outdoors Products, Inc. and Alliance Outdoor Group, Inc. (collectively "Defendants"), bring this Motion *in Limine* to exclude any reference to any other claims. It is expected Plaintiff will seek to introduce evidence of other claims against Alliance Outdoor Products, Inc. However, these claims are not admissible because they are not substantially similar as required for admissibility. All but one of the claims occurred on products which had cable assemblies manufactured by a different manufacturer than the one at issue with the subject product and all occurred under different factual circumstances than the one in the present case. Further, under Virginia law, other claims are not admissible for proof of defect, and

none of the other claims can be used to establish notice since notice of all of the other claims occurred ***after the subject incident***.  Additionally, the other claims are inadmissible hearsay, and should be excluded because they are prejudicial, misleading, confusing and time consuming.  Accordingly, evidence of other claims should be barred at trial.

## II.    STATEMENT OF FACTS

The present case arises out of the use of a 2015 model year Silent Adrenaline Climbing Treestand, distributed by Defendant Alliance Outdoor Products.  Plaintiff claims that he purchased the product in May 2015 from Sportsman's Guide.  Plaintiff claims he used the stand successfully for three and a half years prior to the incident.  Approximately two weeks prior to the accident, while he was jumping on the product, Plaintiff claims that a cable assembly in the lower portion of the treestand separated.  Plaintiff replaced the cable assembly in the lower portion of the stand, but he did not replace the cable assembly in the upper portion of the stand despite the fact they looked the same.

On October 14, 2018, Plaintiff claims that he went to his hunting property with the stand to hunt.  He claims that he attached his treestand to the tree, attached his harness and then proceeded to climb to height.  Plaintiff claims that he encountered a large vine that crossed at height from another tree and would have prevented him from climbing higher.  Plaintiff detached his harness from the tree in order to move it above the vine.  He claims that he detached his harness, stood up on the platform, and was in the process of moving his harness above the vine, when he fell.  In the accident, the cable attachment for the upper climbing portion of the treestand separated. The parties dispute whether this was the cause of or the result of the fall event.  However, Plaintiff claims that it failed due to a combination of corrosion *and* fatigue caused by three years of use.  Plaintiff further claims that the product was not properly treated for corrosion resistance by the

1216.0001\NHS
4819-3645-9775 .v1

manufacturer.

The circumstances surrounding Plaintiff's incident are unique.  During his deposition, Plaintiff demonstrated the fall event and showed that he was standing on the platform with his hands moving the harness strap above the vine when the incident occurred.  This demonstration showed that he was not placing any load upon the upper seat portion of the stand when the fall occurred:



*Id.*

Plaintiff testified that he was standing on the platform and was in the process of moving his strap up when the incident occurred.  Plaintiff further testified that his hands and arms were not touching the treestand, and he was fully standing on the lower platform portion.  Thus, Plaintiff claims that he was not loading the upper portion of the treestand when he fell, a fact which wholly differentiates his case from any other.

Throughout discovery, Plaintiff has sought information about other claims involving Alliance Outdoor Products climbing treestands.  None of the other claims involved the same factual scenario as claimed by Plaintiff.  None of the other claims involved a product in which a cable assembly had previously separated while the user was jumping on the product.  None of the

Case 3:20-cv-00773-HEH   Document 73   Filed 10/18/21   Page 4 of 13 PageID# 1446

other claims involved a claim that a person was moving their harness tether and treestrap above a vine.

Of the other claims, only a single other claim involved a model with the cable assembly manufactured by the same entity as the subject stand. ***Each of the other claims involved cable assemblies manufactured by a different manufacturer.*** The single claim involving the 2015 product does not involve any allegation of corrosion. Finally, all of these other claims involved notice ***after the subject accident in this case***.

III.   LEGAL ARGUMENT

    A.   THE OTHER INCIDENTS ARE NOT ADMISSIBLE BECAUSE THEY CANNOT BE USED TO PROVE DEFECT UNDER VIRGINIA LAW

Under Virginia product liability law, evidence of other allegedly similar accidents is not admissible to prove product defect. *Jones v. Ford Motor Co.,* 263 Va. 237, 257, 559 S.E.2d 592, 602 (2002) ("And, we observe that we specifically held in *Phelps* that we will not permit the admission in evidence of complaints of similar accidents to corroborate a plaintiff's version of how an accident occurred.") citing *Ford Motor Co. v. Phelps,* 239 Va. 272, 276–77, 389 S.E.2d 454, 457 (1990); *Blevins v. New Holland North America, Inc.,* 128 F. Supp. 2d 952, 960-61 (W.D. Va. 2001) ("Evidence of similar accidents is not generally admissible for the purpose of proving negligence or causation. . .") (citing *General Motors v. Lupica,* 379 S.E.2d 311, 314 (Va. 1989); *Roll "R' Way Rinks, Inc. v. Smith,* 237 S.E.2d 157, 160 (Va. 1977)). Thus, any attempt by Plaintiff to use the other incidents to prove defect is contrary to Virginia product liability law, and such use should be barred at trial.

    B.   THE OTHER INCIDENTS ARE NOT ADMISSIBLE TO PROVE NOTICE BECAUSE NOTICE OF THE OTHER CLAIMS ALL OCCURRED AFTER THE SUBJECT INCIDENT

1216.0001\NHS
4819-3645-9775 .v1

Any attempt to use the other incidents as notice also should be barred.  Although the use of such claims (provided they meet the criteria of substantial similarity set forth below) may be permissible for purposes of demonstrating notice, see *Blevins v. New Holland North America, Inc.,* 128 F. Supp. 2d 952, 960-61 (W.D. Va. 2001) ("'Evidence of similar accidents . . . may be admissible, however, to show notice or actual knowledge by the defendant of a defect in its product.''), none of the other incidents can be used to provide notice to the Defendants in this case. This is because Defendants received notice of each of these claims ***after the sale of the subject product.  In fact, Alliance Outdoor Products, Inc. received notice of each of these claims after the subject incident***.    An event that occurs after the subject incident occurred cannot be used on the issue of notice.  Because the notice of the claims occurred after the subject accident, they cannot be used on the issue of notice, and the incidents are inadmissible in the present case.

## C.  THE OTHER CLAIMS ARE NOT ADMISSIBLE BECAUSE THEY ARE NOT SUBSTANTIALLY SIMILAR

The other claims are also inadmissible and should be excluded because they are not substantially similar to the present case.  *Gen. Motors Corp. v. Lupica*, 237 Va. 516, 521, 379 S.E.2d 311, 314 (1989) (noting that, even with the limited admissibility of notice, the prior accidents or occurrences must have occurred "under substantially the same circumstances, and had been caused by the same or similar defects and dangers as those in issue.").  Courts in the Fourth Circuit and across the country have found evidence of other accidents inadmissible where proponents of such evidence fail to establish substantial similarity of accident circumstances ***and*** alleged defect. *See e.g., Renfro Hosiery Mills Co. v. Nat'l Cash Reg. Co.,* 552 F.2d 1061 (4th Cir. 1977); *Johnson v. Ford Motor Co.,* 988 F.2d 573, 580 (5th Cir. 1993) (upholding district court's refusal to admit evidence of other cases against the defendant where the plaintiff "'failed to establish any recognizable similarity between his claim and those that are the subject of the

evidence at issue...''); *Brooks v. Chrysler Corp.,* 786 F.2d 1191, 1195 (D.C. Cir. 1986) (affirming district court's refusal to allow the plaintiff to introduce 330 customer complaints and expert's discussion of 98 selected questionnaires from this group); *see also Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978 (Pa. Sup. Ct. 2005) (finding that the trial court erred in admitting three expert reports on heavy truck safety that compiled evidence from hundreds of truck accidents because there was no evidence ""as to the substantial similarity of the reports to the truck, the accident, or the circumstances in this case.''). The proponent of the evidence has the burden of demonstrating substantial similarity.

When viewed under this standard, none of the other claims are admissible. None of them are substantially similar as required. All but one of these claims involve a ***2017 model year product***. This model year included cable assemblies from a *different manufacturer.* Since the cable assembly is the only focus in this case, the fact that it is from a different manufacturer precludes a finding of substantial similarity. This is especially true where, as here, Plaintiff's claim includes an allegation that this particular product was not properly treated for corrosion.[1]

Further, none of the claims occurred under similar circumstances. None include similar factual allegations as Plaintiff where he was standing on the platform attempting to move his harness when the incident occurred. In fact, none of these other claims include facts in which a person was standing on the platform when the incident occurred and none include allegations that they were moving their harness above a limb. None are substantially similar because they did not occur under substantially similar circumstances. Therefore, none are admissible.

---

[1] The sole claim involving a 2015 product, *Edwards*, involves a cable assembly that does not show any corrosion. There is no allegation in the *Edwards* complaint that the cable assembly corroded and resulted in the incident. Because that is a large part of the allegation of Plaintiff's incident, it is not similar and is irrelevant.

### D. EVIDENCE OF OTHER ACCIDENTS, INCIDENTS, COMPLAINTS, OR LAWSUITS IS INADMISSIBLE HEARSAY

Evidence of other claims should also be excluded because it is inadmissible hearsay. Any evidence Plaintiff attempts to introduce of other incidents purportedly involving other climbing treestands, whether contained in complaints, etc., constitutes nothing more than unsubstantiated allegations. Such "evidence" necessarily comprises out of court statements that Plaintiff hopes to introduce to prove the truth of the matter asserted, or inadmissible hearsay. FED. R. EVID. 802. "Hearsay," is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Hearsay evidence is inadmissible because the person making the statement is not subject to the scrutiny of the jury, not under oath, and not available for cross-examination by the opposing party. McCormick on Evidence 726-29, § 24 (3d ed. 1984); FED. R. EVID. 802. Any documentary evidence offered to prove the truth of out of court statements or arguments or remarks of counsel regarding such evidence, is inadmissible hearsay. FED. R. EVID. 801, 802.

Statements made in complaints, lawsuits, etc. of unrelated accidents are hearsay, with no probative evidentiary value. Since there is no hearsay exception for lawsuits, complaints, other claims, etc., such evidence is inadmissible to prove that the subject product was unreasonably dangerous. Any attempt by Plaintiff to offer these two claims without any formal examination is a mere reliance on hearsay, which is precluded by the Federal Rules of Evidence. Thus, it should be precluded.

### E. EVIDENCE OF OTHER ACCIDENTS, INCIDENTS, COMPLAINTS, AND LAWSUITS IS PREJUDICIAL, MISLEADING, AND CONFUSING

Even if this Court did not preclude the evidence on the grounds above, the evidence should still be precluded because it is highly prejudicial and would mislead and confuse the jury. It is the longstanding rule that evidence which may otherwise be relevant should be excluded if its probative value is "substantially outweighed" by the probability that its admission will create a danger of unfair prejudice, confuse or mislead the jury or require an undue consumption of time. FED. R. EVID. 403.

This Court has broad discretion to limit evidence of other claims. The Court must balance the probative value of the evidence against the prejudicial concerns of admission set out in the Federal Rules of Evidence. *See Ponder v. Warren Tool Corp.,* 834 F.2d 1553 (10th Cir. 1987); *Koloda v. General Motors Corp.,* 716 F.2d 373, 377 (6th Cir. 1983); *Brooks v. Chrysler Corp.,* 786 F.2d 1191, 1195 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 853 (1986); *Roth v. Black and Decker, U.S., Inc.*, 737 F.2d 779, 783 (8th Cir. 1984); *Weeks v. Remington Arms Co., Inc.,* 733 F.2d 1485, 1491 (11th Cir. 1984); *Wolf v. Proctor & Gamble Co.,* 555 F. Supp. 613, 621 (D. N.J. 1982). "Even when substantial identity of circumstances is proven, the admissibility of [similar incident] evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion and undue expenditure of time." *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981); *See also, Hale v. Firestone Tire and Rubber Co.*, 820 F.2d 928, 935 (8th Cir. 1987); *Roth*, 737 F.2d at 783; *Edwards v. Consolidated Rail Corp.,* 567 F. Supp. 1087 (D. D.C. 1983), *aff'd*, 733 F.2d 966 (D.C. Cir. 1984), *cert. denied*, 469 U.S. 883 (1984). Thus, where the evidence of other claims would divert the jury's attention more than it would serve to enlighten the jury on the question at issue, it should be excluded. *Harpring v. Continental Oil Co.*, 628 F.2d 406, 410 (5th Cir. 1980) (lower court's exclusion of evidence affirmed where admission would involve "trying another lawsuit within the existing lawsuit").

As other federal courts have reasoned, the admissibility of other incidents also is grounded in a balance between probative value and the risk of unfair prejudice. For example, in *Edwards v. Consol. Rail Corp.,* 567 F. Supp. 1087, 1106 (D.D.C. 1983), aff'd, 733 F.2d 966 (D.C. Cir. 1984), the Court held:

> The rationale for excluding evidence of prior accidents that happened under dissimilar or remote circumstances is a matter of logic: as time and circumstances become less similar to the accident under consideration, the probative value of the occurrence of such prior accidents decreases, while the prejudicial value of such evidence before a jury remains high. The value of such evidence is that, when prior accidents have occurred under similar circumstances, the accidents and knowledge of them "operate[ ] as a standard against which can be tested the reasonableness of the defendant's conduct." But "such evidence should be carefully examined before being received to the end that the circumstances of the 'other accident' bear similarity to the circumstances surrounding the accident" at issue. Id. at 846–47. This is because such evidence can be unfairly prejudicial; "the jury might infer from evidence of the prior accident alone that ultra-hazardous conditions existed at the site and were the cause of the later accident without those issues ever having been proved."

*Id.* at 1106 (internal citations and quotations omitted).

Moreover, the admission of evidence and testimony of these other incidents and lawsuits would be particularly problematic because it would require a "trial-within-the trial", resulting in separate "mini-trials" so that Defendants could present a defense to each prior claim before the jury. This risk of jury confusion and multiple "mini-trials" is of particular concern in product liability cases. *See Guy v. Crown Equip. Corp.,* 394 F.3d 320, 328-29 (5th Cir. 2004) (excluding evidence of accidents absent showing substantially similar because would confuse and mislead the jury); *Rye v. Black & Decker Mfg. Co.,* 889 F.2d 100, 102 (6th Cir. 1989) (holding that the trial court properly excluded evidence of prior accidents involving the same product where complaints involved injuries caused by defects other than that alleged by plaintiff); *Olin-Mathieson Cam Corp. v. Allis-Chalmers Mfg. Co.,* 438 F.2d 833, 837 (6th Cir. 1971) (noting the confusion created by an examination of technical evidence comparing two incidents).

Here, evidence of these other claims/lawsuits should be excluded at trial because of the significant prejudice to Defendants, high risk of misleading the jury and confusing the issues as well as undue waste of time to present these collateral issues. Defendants would be forced to separately defend each of the other accidents, claims and lawsuits admitted into evidence through a series of "mini-trials" unrelated to Plaintiff's claims to prove their dissimilarity and irrelevance to the facts of this case. This will require the introduction of testimony and cross-examination related to each claimant on the following topics:

1) The history of using the treestand and/or hunting products for that specific claimant;
2) The history of use of the product that allegedly broke;
3) Photographs of the accident scene;
4) Any and all incident reports, including those from Wildlife investigators;
5) Photographs of the products (broken and used);
6) Photographs of the hunting equipment used related to each accident, including, full body safety harnesses;
7) Photographs of all packaging related to the product that allegedly broke;
8) Any and all marketing materials related to the product that allegedly broke;
9) Warnings and instructions for each of the products and hunting equipment used;
10) Scientific testing for the product that alleged broke and exemplar products;
11) All data and graphs related to any testing performed for each product that allegedly broke;
12) Expert testimony by experts, including (1) materials science expert, (2) mechanical engineer expert, and (3) hunter safety and hunting accident reconstruction expert, which will include their testimony related to their:
    a. Investigation;
    b. Expert reports and opinions; and
    c. Documents from other cases that support their opinions.

This would result in numerous additional exhibits in this trial, which are not related to Plaintiff's claims against Defendants. The jury would be required to somehow decipher through all the different testimony, accidents, products, photographic evidence, scientific testing, data, graphs, etc. related to of the other claims versus the same evidence that will be presented by Plaintiff in this case. This amount of evidence and testimony will certainly result in misleading and confusing the jury. Each individual claimant has a unique purchase history, use of their treestand,

1216.0001\NHS
4819-3645-9775 .v1

assembly/installation of their treestand and facts related to how the accident occurred. The defense would also likely have to call any other factual witnesses related to the other claimants to testify in this case. This voluminous amount of evidence and testimony will result in confusing the issues, misleading the jury, and undue delay. It would also result in the jury being confronted with additional technical evidence on a collateral issue that will unnecessarily prolong the trial and create a severe risk of confusion of the issues.

These facts demonstrate the limited probative value and costs associated with other claims, lawsuits, accidents, etc., being presented in this case and would result in confusing the issues, misleading the jury and creating the hazard of "mini-trails." This would result in Defendants being severely prejudiced. Defendants would be forced to prepare not only for this trial, but for additional "mini-trials." Even if a series of "trials-within-the-trial" were permitted, numerous witnesses concerning the other incidents would be absent or unavailable, especially considering these other incidents occurred outside this jurisdiction, rendering it virtually impossible for Defendants to defend against the unsubstantiated allegations.

## IV.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion *in Limine* precluding reference or evidence of other claims, lawsuits or incidents at trial, and enter an order in favor of Defendants.

Dated:  October 18, 2021                              Respectfully submitted,

                                                                     */s/ Barry B. Sutton*
                                                                     Barry B. Sutton, *Admitted PHV*
                                                                     Steven D. Brock, *Admitted PHV*
                                                                     Attorney for Alliance Outdoor Group, Inc. and
                                                                     Alliance Outdoors Products, Inc. d/b/a X-Stand
                                                                     Treestands
                                                                     CLARK HILL PLC
                                                                     151 South Old Woodward, Suite 200

Birmingham, MI 48009
bsutton@clarkhill.com
sbrock@clarkhill.com
Sutton Phone: (313) 964-8577
Brock Phone:  (248) 988-1811


*/s/ Nathan H. Schnetzler*

Nathan H. Schnetzler
Virginia State Bar #: 86437
Sean C. Workowski
Virginia State Bar #: 36120
Attorney for Alliance Outdoor Group, Inc. and
Alliance Outdoors Products, Inc. d/b/a X-Stand
Treestands
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
Roanoke, Virginia  24011
Phone:  (540) 772-4600
Fax:  (540) 772-9167
Email:   nschnetzler@faplawfirm.com
              sworkowski@faplawfirm.com

## CERTIFICATE OF SERVICE

I certify that on October 18, 2021, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will automatically send notification of such filing to

all counsel of record.

/s/ Nathan H. Schnetzler

*Of Counsel*
