IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHARD WALKER,

        Plaintiff,

                                Case No: 3:20-cv-773

v.

ALLIANCE OUTDOOR GROUP, INC.
And ALLIANCE OUTDOORS
PRODUCTS, INC., d/b/a X-STAND
TREESTANDS,

        Defendants.

---

## DEFENDANTS ALLIANCE OUTDOOR GROUP, INC. AND ALLIANCE OUTDOORS PRODUCTS, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE ADVERSE STATEMENTS OR INFERENCES CONCERNING THE SUBJECT TREESTAND BEING MANUFACTURED IN CHINA

NOW COME Defendants, Alliance Outdoor Group, Inc. and Alliance Outdoors Products, Inc. (collectively "Alliance" or "Defendants"), by and through their attorneys, bring this Memorandum in support of their Motion in *Limine* to exclude adverse statements or inferences concerning the subject treestand being manufactured in China.

I.       **INTRODUCTION**

Defendants bring this Motion in Limine to bar any comment upon or negative claim or inference relating to the fact the product was manufactured in China. Plaintiff Richard Walker's ("Plaintiff") experts have no opinions regarding the specific manufacturing process employed in China, and there is no evidence to support any adverse statements or inferences to the fact that the treestand was manufactured in China. Defendants acknowledge that Plaintiff may seek to introduce that the manufacturer of the treestand is located outside the United States; however, any adverse statements or inferences at trial concerning the subject treestand being manufactured in China is

irrelevant, unduly prejudicial, and speculative. Its sole purpose would be to improperly excite the jury's emotions. As such, the Court should preclude adverse statements or inferences concerning the subject treestand being manufactured in China at trial.

## II.     STATEMENT OF FACTS

Plaintiff filed this product liability action as a result of a fall that occurred while Plaintiff was using a 2015 model year Silent Adrenaline Climbing Treestand distributed by Defendant Alliance Products, Inc. It is uncontested that the subject product was manufactured in China, including the supplier of the cable assembly at issue with this treestand. It is anticipated that Plaintiff's counsel may argue or infer that this product was somehow inferior merely because it was manufactured in China. Other than Plaintiff and Plaintiff's counsels' personal opinions, there is no evidence to support such adverse statements or inferences based upon the location of the manufacture of the product. It is clear that Plaintiff's only purpose behind introducing evidence of the subject treestand being manufactured in China is to conjure up the stereotype that products made in china are "not safe" in the jury's minds.

## III.    LEGAL ARGUMENT

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure ("Rules") states that expert witnesses must provide the court with a written report containing, among other things, "a complete statement of all opinions to be expressed and the bases and reasons therefore; [and] the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions." Fed. R. Civ. P. 26(a)(2)(B); *Carr v. Deeds,* 453 F.3d 593, 604 (4th Cir. 2006). If a party fails to comply with this rule, the court "may preclude the party from, us[ing] that witness or relevant expert information to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." *Southern States Rack & Fixture, Inc. v. Sherwin-*

*Williams Co.,* 318 F.3d 592, 595-96 (4th Cir. 2003).  Exclusion of the information not disclosed in the expert report is a merited sanction.  *Id*.; Fed. R. Civ. P. 37(c).

Relevant evidence is admissible unless excluded by the Federal Rules of Evidence. *See* Fed. R. Evid. 402. "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . . [or] wasting time." *See* Fed. R. Evid. 403. "Unfair prejudice occurs when evidence leads a jury to make its decision on the basis of factors other than the merits of the case, commonly on the basis of emotion, but also on any other basis not justified by the evidence." *See United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (internal quotation marks omitted) (holding that "evidence is unfairly prejudicial and thus should be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence").

Plaintiff's experts have no opinions or knowledge regarding the specific manufacturing process employed in China and there is no evidence to support any adverse statements or inferences to the fact that the treestand was manufactured in China. Plaintiff's expert testified that he was not familiar with the manufacturing process that Alliance used in making the cable or treestand in question. ***Ex. A***, *Deposition Transcript of W. Dickinson, at 100*.  Plaintiff's expert has not expressed an opinion about the manufacturing process in his report.   Thus, there is no evidence to suggest that the treestand is somehow lacking in quality simply because it was manufactured in China.  Given that, there is no reason to introduce specifically the country where the stand was manufactured.  References to it being manufactured by another party, or even outside of the United States is sufficient.

The only purpose of introducing evidence about the manufacture of the subject treestand in China is to promote the prejudice-driven stereotype that products manufactured in China are "not safe." However, Courts are adamant that racial stereotyping violates a party's due process rights and cannot be condoned nor tolerated in a courtroom setting. *See Harvell v. Blytheville Sch. Dist. No. 5,* 71 F.3d 1382, 1386 (8th Cir. 1995) (noting that stereotyping a minority-preferred candidate simply because that candidate is a member of a minority runs afoul all of the principles embodied in the Equal Protection Clause); *see also Qualley v. Clo-Tex Int'l, Inc.,* 212 F.3d 1123, 1132 (8th Cir. 2000). Courts have consistently recognized that any argument related to a product being manufactured or made in China should be excluded as irrelevant. For example, in *Landrum v. COSCO, No.* CIV.A. 11-424-SDD, 2013 WL 5933920, at *1 (M.D. La. Nov. 1, 2013) (***Ex. B***, *Unpublished Cases*), the Court noted:

> In its *Motion in Limine No. 4,* Defendant moves to exclude evidence of chair manufacturing quality and references to manufacturing in China. . . . [T]he Court is persuaded that reference to the locale of manufacturing is irrelevant if offered for the purposes of suggesting inferior manufacturing processes. Defendant's *Motion in Limine No. 4* to exclude evidence that the chair was manufactured in China and evidence of the chair manufacturing process is GRANTED, if offered for purposes of proving inferior manufacturing processes.

Moreover, even if this Court determines that evidence regarding the manufacturing process in China is relevant, the evidence should nevertheless be excluded because its *de minimis* probative value is outweighed by the potential of unfair bias. For example, in *Indem. Ins. Co. of N. Am. v. Electrolux Home Prod., Inc.,* 520 F. App'x. 107 (3d Cir. 2013), the court held:

> The District Court did not abuse its discretion in precluding evidence regarding the refrigerator's place of manufacture in China. FRE 401 provides that evidence is relevant (and thus eligible to be admitted) if 'it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.' FRE 403, in turn, provides that '[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice.'

**We agree with the District Court that the relevance of the place of manufacture, in this case, is tenuous at best, and that to the extent the place of manufacture may be somewhat relevant, it was within the District Court's discretion, in this instance, to hold that the probative value of the place of manufacture in China was substantially outweighed by a danger of unfair prejudice.**

*Id.* at 111-12 (emphasis added). *See also, Callahan v. Toys "R" Us-Delaware, Inc.*, No. 15-02815, 2017 WL 219371, at *2 (D. Md. Jan. 19, 2017) (***Ex. B***) ("To the extent that either party wishes to introduce evidence that [the] bicycle was inferior quality by virtue of its foreign production, such evidence will not be permitted."). The court further noted the District Court's findings that there was a public perception that products manufactured in China were "not safe." *Id.* at 109. *See also In re Chinese Manufactured Drywall Prod. Liab. Litig.,* No. MDL 2047, 2012 WL 5878730, at *11 (E.D. La. Nov. 21, 2012) (***Ex. B***) (holding that reports of problems with products manufactured in China are inadmissible despite their relevance under FRE 401 as their probative value is outweighed by the risk of unfair prejudice); *Sanford v. Ektelon/Prince Sports Grp., Inc.,* No. 8:97CV368, 1999 WL 33544436, at *3 (D. Neb. Nov. 5, 1999) (***Ex. B***) (granting the defendants' analogous motion and finding "that references to foreign affiliation in this case [to] be prejudicial to the defendants and such references are not relevant to the issues in this case."); *Donnolly Corp. v. Gentex Corp.,* 918 F. Supp. 1126, 1136 (W.D. Mich. 1996) (excluding references to "un-American products" or products not "Made in America" because they were unduly prejudicial); *In re Thomsen,* 837 N.E.2d 1011, 1022 (Ind. 2005) ("Injecting race into proceedings where it is not relevant is offensive, unprofessional and tarnishes the image of the profession as a whole."); *TXI Transp. Co. v. Hughes,* 306 S.W.3d 230, 245 (Tex. 2010) ("Such appeals to racial and ethnic prejudices, whether 'explicit and brazen' or 'veiled and subtle,' cannot be tolerated because they undermine the very basis of our judicial process.").

In this case, whether, in and of itself, the subject treestand was manufactured in China does not establish nor help establish any element of Plaintiff's claim. Plaintiff's experts never disclosed any opinions regarding the manufacturing of the product in China and have no opinions regarding the specifics of the manufacturing process employed in China. In fact, Plaintiff's experts have not voiced any criticism related to where the treestand was manufactured. Therefore, Plaintiff lacks the foundation to offer evidence of opinions or any adverse statements or inferences regarding that the subject treestand was manufactured in China at trial. Any such statements or inferences would be irrelevant, unduly prejudicial, and speculative. Plaintiff's real underlying purpose of introducing such evidence is to improperly excite the jury's emotions in hoping that members of the jury happen to subscribe to the prejudicial stereotype. Courts consistently decline to tolerate such devious and prejudicial practice and the Fourth Circuit is no exception. Accordingly, Plaintiff's lack of foundation and the inevitable risk of prejudice merit preclusion of adverse statements or inferences regarding the subject treestand being manufactured in China.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff should be precluded from offering any adverse statements or inferences that the subject tree step was manufactured in China.

Dated:  October 18, 2021               Respectfully submitted,

/s/ Barry B. Sutton
Barry B. Sutton, *Admitted PHV*
Steven D. Brock, *Admitted PHV*
Attorney for Alliance Outdoor Group, Inc. and
Alliance Outdoors Products, Inc. d/b/a X-Stand
Treestands
CLARK HILL PLC
151 South Old Woodward, Suite 200
Birmingham, MI 48009
bsutton@clarkhill.com
sbrock@clarkhill.com
Sutton Phone: (313) 964-8577
Brock Phone:  (248) 988-1811

/s/ Nathan H. Schnetzler

Nathan H. Schnetzler
Virginia State Bar #: 86437
Sean C. Workowski
Virginia State Bar #: 36120
Attorney for Alliance Outdoor Group, Inc. and
Alliance Outdoors Products, Inc. d/b/a X-Stand
Treestands
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
Roanoke, Virginia  24011
Phone:  (540) 772-4600
Fax:  (540) 772-9167
Email:   nschnetzler@faplawfirm.com
         sworkowski@faplawfirm.com

**CERTIFICATE OF SERVICE**

I certify that on October 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
*Of Counsel*