IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHARD WALKER,

    Plaintiff,

v.

                            Case No: 3:20-cv-773

ALLIANCE OUTDOOR GROUP, INC.
And ALLIANCE OUTDOORS
PRODUCTS, INC., d/b/a X-STAND
TREESTANDS,

    Defendants.

---

**DEFENDANTS ALLIANCE OUTDOOR GROUP, INC. AND ALLIANCE OUTDOORS PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO ANY RECALL**

Defendant Alliance Outdoor Group, Inc., Defendant Alliance Outdoors Products, Inc. ("Defendants" or "Alliance"), by and through their attorneys, hereby submit their Memorandum of Law in Support of Motion *in Limine* to Exclude Any Reference to Any Recall.

**I.    INTRODUCTION**

This case arises out of an injury that occurred while Plaintiff Richard Walker ("Plaintiff") was using a 2015 model year Silent Adrenaline Climbing Treestand distributed by Alliance Outdoor Products, Inc. Plaintiff claims that the cable assembly of the stand was improperly designed. The particular model stand at issue was never recalled. However, the 2017 product, which contained a cable assembly manufactured from a *different* entity, was recalled in October 2020 over five years ***after*** the purchase of the subject treestand and two years ***after*** the accident. That recall covered only 2017 products with cable assemblies manufactured by a different legal entity and did not cover the subject product. The recall was a voluntary recall and, under the

guidelines of the CPSC Fast Track Program did not include any finding of defect. Nevertheless, Plaintiff will seek to introduce evidence of the recall, apparently seeking to use it to prove defect.

Because the recall involves a cable assembly manufactured by a different entity and did not include the subject product, such evidence has no probative value. Virginia law itself prohibits the use of other incidents (ostensibly the same use as here) to prove defect and the recall occurred two years after the incident making it irrelevant on notice. It is thus not relevant. Although not relevant, reference to the recall is prejudicial since, despite having no probative value in the present case, will be an attempt to paint the subject treestand in a bad light and/or to prove defect. Further, any discussions of the recall could confuse the jury into thinking that the subject treestand may or should have been recalled or that because other products were recalled, the subject treestand somehow was less than safe. The significant prejudice Defendants will experience from any reference to recall substantially outweighs any modicum of probative value Plaintiff could offer. Similar cases within this circuit have barred such recall evidence at trial. For these reasons, Defendants respectfully submit that any evidence of any recall be precluded from the trial in the present case.

## II.   STATEMENT OF FACTS

The present case arises out of the use of a 2015 model year Silent Adrenaline Climbing Treestand, sold by Defendant Alliance Outdoor Products. Plaintiff claims that he purchased the product in May 2015 from Sportsman's Guide. Plaintiff used the stand for three and a half years prior to the incident. Plaintiff eventually replaced the cable assembly in the lower portion of the stand, but he did not replace the cable assembly in the upper portion of the stand.

On October 14, 2018, Plaintiff claims that he went to his hunting property with the stand to hunt. He claims that he attached his treestand to the tree, attached his harness and then

proceeded to climb to height. Plaintiff claims that he encountered a large vine that crossed at height from another tree and would have prevented him from climbing higher. Plaintiff detached his harness from the tree in order to move it above the vine. He claims that he detached his harness, stood up on the platform, and was in the process of moving his harness above the vine, when he fell. In the accident, the cable attachment for the upper climbing portion of the treestand separated. The parties dispute whether this was the cause of or the result of the fall event. However, Plaintiff claims that it failed due to a combination of corrosion *and* fatigue caused by three years of use. Plaintiff further claims that the product was not properly treated for corrosion resistance by the manufacturer.

Two years after the accident and five years after the sale of the subject product, the 2017 model year Silent Adrenaline product was voluntarily recalled by Alliance. Specifically, on November 4, 2020, in conjunction with the CPSC, Alliance voluntarily recalled the 2017 model year products. The recall included the replacement of *cable assemblies* and addressed only *cable assemblies*. As a voluntary recall, there was no finding of defect. The recall was done for customer service reasons and related to corrosion. The recall did not include the subject model products because the cable assemblies for the 2017 product were manufactured by a *different entity*.[1]

## III. LEGAL ARGUMENT

### A. STANDARD OF REVIEW

Irrelevant evidence is not admissible. *See* Fed. R. Evid. 402. Evidence is relevant only if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid.

---

[1] As explained in the companion Motion in Limine relating to other claims, none of the other claims occurred under similar circumstances of the present claim when the Plaintiff was allegedly standing on the platform when the incident occurred.

401. Relevant evidence is admissible unless excluded by the Federal Rules of Evidence. *See* Fed. R. Evid. 402.

      **B.**      **RECALL EVIDENCE CANNOT BE USED TO PROVE DEFECT, AND BECAUSE THE RECALL OCCURRED TWO YEARS AFTER THE INCIDENT, IT IS NOT RELEVANT FOR NOTICE PURPOSES**

Federal Courts looking at recall evidence have analyzed them consistently with evidence of other incidents. *Bilenky v. Ryobi Ltd.,* No. 2:13CV345, 2014 WL 12591940, at *2 (E.D. Va. Oct. 22, 2014). Under Virginia product liability law, evidence of other allegedly similar accidents is not admissible to prove product defect. Rather, the admissibility of this evidence is limited to the issue of notice of an alleged defect. *Jones v. Ford Motor Co.,* 263 Va. 237, 257, 559 S.E.2d 592, 602 (2002) ("And, we observe that we specifically held in *Phelps* that we will not permit the admission in evidence of complaints of similar accidents to corroborate a plaintiff's version of how an accident occurred.") citing *Ford Motor Co. v. Phelps,* 239 Va. 272, 276–77, 389 S.E.2d 454, 457 (1990); *Blevins v. New Holland North America, Inc.,* 128 F. Supp. 2d 952, 960-61 (W.D. Va. 2001) ("Evidence of similar accidents is not generally admissible for the purpose of proving negligence or causation. . .") (citing *General Motors v. Lupica,* 379 S.E.2d 311, 314 (Va. 1989); *Roll "R' Way Rinks, Inc. v. Smith,* 237 S.E.2d 157, 160 (Va. 1977)). Here, the recall cannot be used to prove defect, and any such use should be prohibited.

Similarly, any attempt to use the recall to prove notice should also be precluded. Although evidence of other claims (provided they meet the criteria of substantial similarity set forth below) **_may_** be permissible for purposes of demonstrating notice, see *Blevins v. New Holland North America, Inc.,* 128 F. Supp. 2d 952, 960-61 (W.D. Va. 2001), **_the recall in this case occurred two years after the subject incident._** Because it occurred two years after the incident, it could not possibly have provided purported notice to the Defendant prior to the sale of this product.

As a result, the evidence of recall is not relevant for any reason in the present case. It is not relevant to prove defect under Virginia product liability law. It is not relevant to prove notice because it occurred two years after the accident. Accordingly, it should be precluded at trial.

## C.  THE RECALL SHOULD ALSO BE EXCLUDED BECAUSE IT DOES NOT MEET THE REQUIREMENTS OF SUBSTANTIAL SIMILARITY.

The recall should also be precluded because it does not meet the stringent requirements of substantial similarity. "[C]ourts generally agree that in order to be relevant and admissible, the products involved in the previous incident or recall must be 'substantially similar.'" *Bilenky v. Ryobi Ltd.,* No. 2:13CV345, 2014 WL 12591940, at *3 (citing *Landis v. Jarden Corp.*, 5 F. Supp. 3rd 808, (N.D. W. Va. 2014); *A.J. Buck & Son. Inc., v. Crown Equip. Corp.,* 34 F.3d 1066 (4th Cir. 1994) (unpublished) (affirming the exclusion of a complaint filed in a different state court to prove notice of a defect for a failure to warn claim); *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1109 (8th Cir. 1988) (holding that the district court abused its discretion by allowing into evidence a recall of a different model rifle where the subject rifle had different dimensions and fire controls); *Hessen v. Jaguar Cars Inc.*, 915 F.2d 641, 649 (11th Cir. 1990); *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) ("closely similar"). Courts in the Fourth Circuit and across the country have found evidence of other accidents inadmissible where proponents of such evidence fail to establish substantial similarity of accident circumstances **_and_** alleged defect. *See e.g., Renfro Hosiery Mills Co. v. Nat'l Cash Reg. Co.,* 552 F.2d 1061 (4th Cir. 1977); *Johnson v. Ford Motor Co.,* 988 F.2d 573, 580 (5th Cir. 1993) (upholding district court's refusal to admit evidence of other cases against the defendant where the plaintiff "'failed to establish any recognizable similarity between his claim and those that are the subject of the evidence at issue...''); *Brooks v. Chrysler Corp.,* 786 F.2d 1191, 1195 (D.C. Cir. 1986) (affirming district court's refusal to allow the plaintiff to introduce 330 customer complaints and expert's discussion of 98 selected

questionnaires from this group); *see also Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978 (Pa. Sup. Ct. 2005) (finding that the trial court erred in admitting three expert reports on heavy truck safety that compiled evidence from hundreds of truck accidents because there was no evidence "'as to the substantial similarity of the reports to the truck, the accident, or the circumstances in this case.'"). The proponent of the evidence has the burden of demonstrating substantial similarity.

Here, the recall cannot meet this requirement because it does not involve this model year product. Courts outside of the Fourth Circuit have also recognized that a recall is inadmissible when it does not involve the product at issue. For example, in *State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 608 (Mo. 2002), a Missouri court noted:

> However, the recall of *different products* cannot illumine defendant's disposition in designing, manufacturing, marketing, or selling the *offending product*. See ... *Kawasaki*..., 777 S.W.2d … at 252–54…. **If one recall legally proves that a different product also should have been recalled, companies will be deterred from making recalls.** Punitive damages should deter wrongful conduct; they should not encourage companies to ignore or disavow—rather than remedy— product defects. *Rodriguez v. Suzuki Motor Corp.,* 936 S.W.2d 104, 110 (Mo. banc 1996); *Maugh,* 818 S.W.2d at 664.

*Id.* at 608 (emphasis in original and added).

In *Messina*, the Court reasoned that Ford had demonstrated that the products were not substantially similar noting specifically that the tires that were at issue in that case had been manufactured at different times by different companies:

> The 1987 Bronco II and Explorers are different vehicles, designed and marketed at different times. *<u>Their tires were made at different times by two different companies, Continental and Firestone. …</u>*

*Id.* at 608. The *Messina* court noted a party's recall or failure to recall a product "may illumine defendant's disposition toward that product." *Id.* at 607. *See also Landry v. Adam,* 282 So. 2d 590, 592 (La. Ct. App. 1973) (holding that "[a]s to proof that the injury occurred because the product

was defective at the time of the accident, the fact of a recall program is not relevant"); *Armstrong v. Lorino*, 580 So. 2d 528, 530 (La. Ct. App.), writ denied, 584 So. 2d 1166 (La. 1991) (holding that the trial court properly excluded evidence of a recall of a latching mechanism, which had occurred four years prior to the accident, because plaintiffs failed to show the latches in their son's vehicle were the same kind as the latch that was recalled); *LaBorde v. Gen. Motors Corp.,* 422 So. 2d 1333, 1334 (La. Ct. App. 1982), writ denied, 429 So. 2d 153 (La. 1983) (holding that when a defect known to a manufacturer and subject to a recall was different from a similar problem that caused a vehicular accident, the manufacturer was not liable for the accident).

It is anticipated that Plaintiff will seek to introduce evidence of the recall of the 2017 Model year Silent Adrenaline treestands. It is undisputed that the recall was limited to the 2017 model year and did not include the model year of the subject product (2015). Similarly, it is undisputed that the cable assemblies included in those products were made by different manufacturers at different times. Much like the tires at issue in the *Messina* case, because of those key differences, the products were not substantially similar and should be excluded.[2] *See also Jordan v. Gen. Motors Corp.,* 624 F. Supp. 72 (E.D. La. 1985) (excluding evidence of a recall of a 1980 Oldsmobile Omega model where the vehicle at issue was a 1981 Omega model).

Moreover, none of the incidents referenced in the recall involved circumstances similar to that of the present case. The circumstances surrounding Plaintiff's incident are not similar to any other claim. As noted above, Plaintiff had replaced one of his cable assemblies two weeks before the incident, a fact that differs from all the other claims. Further, Plaintiff claims he fell while

---

[2] It should be noted that Virginia law does not recognize a duty to recall. *Powell v. Diehl Woodworking Mach., Inc.*, 198 F. Supp. 3d 628, 634 (E.D. Va. 2016) citing *Paschall v. CBS Corp.*, No. 3:11–cv–431, 2011 U.S. Dist. LEXIS 1047252011 WL 4345283 (E.D.Va. Sept. 14, 2011). Plaintiff also did not bring a duty to recall claim.

standing on the platform, a factual condition dissimilar to any of the other claims. During his deposition, Plaintiff demonstrated the fall event in a manner that showed that the incident did not occur as a result of the strap breaking on the subject product. His demonstration showed that he was standing on the platform with his hands moving the harness strap above the vine when the incident occurred. This demonstration showed that he was not placing a load upon the upper seat portion of the stand when the fall occurred:



*Id.*

Plaintiff's testimony clarified this. He testified that he was standing on the platform and in the process of moving his strap up when the incident occurred. Plaintiff further testified that his hands and arms were not touching the treestand and he was fully standing on the platform. Thus, Plaintiff claims that he was not loading the upper portion of the treestand when he fell, a fact which wholly differentiates his case from any other. Accordingly, any evidence of these recalls is irrelevant and immaterial to Plaintiff's claims.

Further, the evidence should be excluded because it is contrary to the CPSC voluntary recall program and Virginia law. Under the CPSC voluntary fast track recall program, the program through which the recall was conducted, there is no finding of defect. See

https://www.cpsc.gov/Business--Manufacturing/Recall-Guidance/CPSC-Fast-Track-Recall-Program. Further, under Virginia product liability law, evidence of other allegedly similar incidents is inadmissible to prove product defect or to "corroborate a plaintiff's version of how an accident occurred." *See Jones v. Ford Motor Co.,* 263 Va. 237, 559 S.E.2d 592, 602 (2002). Thus, using a recall in which there was no finding of defect for the purpose of demonstrating defect is contrary to both the CPSC rules *and* Virginia law of product liability.

As explained by the Court in *Long*, any evidence of recall will convey to the jury "that [the] product is defective in some respect." *See Long*, 2011 WL 13092903, *11. This is fundamentally erroneous when there was not a finding of defect in a fact track recall and the CPSC encourages programs to file such recalls specifically because there is no such finding. Allowing the use of a recall of a cable assembly made by a different manufacturer to somehow prove defect in this case, even though there was no finding of defect by the CPSC, would tend to persuade companies to not conduct recalls. Allowing references to a recall which does not apply to the subject product into evidence is contrary to the spirit of the CSPC's fast track program. Accordingly, the evidence of a product manufactured by a different company for a different model year and conducted two years after the incident is not relevant and should be excluded.[3]

### D. EVIDENCE OF OTHER RECALLS IS PREJUDICIAL, MISLEADING, AND CONFUSING.

Evidence of the other recall should also be excluded because it is prejudicial, misleading and confusing. "The Court may also exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice…wasting time…". *See* Fed. R. Evid. 403. "Unfair prejudice occurs when evidence leads a jury to make its decision on the basis of factors other than the merits of the case, commonly on the basis of emotion,

---

[3] The evidence cannot be used for notice purposes because the recall occurred *after* the sale and after the incident.

but also on any other basis not justified by the evidence." *See Long v. TRW Vehicle Safety Systems Inc.*, 2011 WL 13092903 (D. AZ. 2011); *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (internal quotation marks omitted) (holding that "evidence is unfairly prejudicial and thus should be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and …this risk is disproportionate to the probative value of the offered evidence"). Although there is no probative value to any recall, this Court should exclude any evidence or testimony related to the recalls because of the substantial risk of unfair prejudice to Defendants and the danger of confusing and misleading the jury. Presentation of such evidence could potentially confuse the jury. By its express terms, the recall does not apply to the subject product and did not include any finding of defect. The admission of such evidence would only prejudice Defendants as the jury might unfairly believe that a recall was equivalent to or included a finding of defect. Furthermore, if the recall evidence is admitted, there will be an undue delay and waste of time as additional evidence and testimony would be needed to address this issue – i.e., the risk of an additional "mini-trial" that is wholly unnecessary and time consuming.

Other courts have excluded recall evidence to avoid these types of "mini-trials" to explain them. For instance, in *Long v. TRW Vehicle Safety Systems Inc.*, 2011 WL 13092903 (D. Az. 2011) (*Ex. 31*), the District Court of Arizona precluded introduction of evidence of a recall where the unfair prejudice substantially outweighed any probative value. The *Long* Court precluded the jury from reaching a conclusion that there was a defect in the product merely because there had been a recall. Precluding evidence of the recall, the *Long* Court explained:

> It could be argued that Steffens' testimony shows some similarity and that the jury should therefore be allowed to evaluate the degree of similarity and whether the 2001 recall related to the same defect. But in addition to the fact that substantial similarity is required for prior incidents to be admissible on dangerousness, and has not been shown to exist here, the Court concludes that the probative value of the 2001 recall evidence – which is somewhat marginal given the inability of Plaintiffs'

> expert to conclude that Ms. Johnson's buckle involved the same defect as the recall – would be substantially outweighed by the risk of unfair prejudice. Unfair prejudice occurs when evidence leads a jury to make its decision on the basis of factors other than the merits of the case, commonly on the basis of emotion, but also on any other basis not justified by the evidence. Weinstein's § 403.04[1][b]. Recalls are widely understood by the American public to mean that a product is defective in some respect. A jury hearing about the 2001 recall of TRW seatbelt buckles due to partial engagement might jump to the conclusion that other TRW buckles suffer from the defect, even though evidence of a connection between the 2001 recall and the Johnson buckle is slight. The Court sees a risk of unfair prejudice that substantially outweighs the marginal probative value of the recall evidence.

*Long*, 2011 WL 13092903, *10-11 (*Ex. 31*) (emphasis added). *See also Olson v. Ford Motor Co.,* 410 F. Supp. 2d 855, 867 (D.N.D. 2006) (noting that evidence of recall letters for products and defects other than the one at issue were irrelevant and "even if the evidence of [the recalls] would be deemed relevant," the Court would exclude such evidence under Rule 403 because its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, and undue delay and waste of time); *Verzyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888-889 (W.D. La. 2001) (noting that the defendant "will be unfairly prejudiced and the jury confused or misled" if the plaintiff were permitted to show evidence of a product recall because "[s]uch evidence may carry great weight and may be viewed by the jury as convincing proof that the product was defective").

In this instance where the product recalls relate to a different model year and includes different factual scenarios, any evidence of and testimony about the recalls should be excluded pursuant to Rule 403. *See Miller ex rel. Miller v. Ford Motor Co.,* 2004 WL 4054843, at *12 (holding that such recall evidence "is not relevant to any material issues, its prejudice outweighs any probative value, and it creates a substantial risk of confusing the jury and wasting time"). Defendants never recalled the subject treestand. Thus, whether other products were ever recalled had no influence on the manufacture of the product at issue.

Admitting evidence of any other recall for a different cable assembly from a different manufacturer is significantly prejudicial. Plaintiff will try to introduce evidence of the voluntary recall to confuse the jury into thinking that the subject treestand should have been recalled. Notably, Plaintiff has no failure to recall claim and Virginia does not recognize such a claim. *Powell v. Diehl Woodworking Mach., Inc.*, 198 F. Supp. 3d 628, 634 (E.D. Va. 2016) citing *Paschall v. CBS Corp.*, No. 3:11–cv–431, 2011 U.S. Dist. LEXIS 1047252011 WL 4345283 (E.D.Va. Sept. 14, 2011). Without any recall of this model year, that confusion will substantially prejudice the Defendants as ***there was no recall***. Further, Defendants will have to take unnecessary time and expend unnecessary resources to explain the recall process and rebut any notion that a recall has any relevance to the subject treestand. Accordingly, exclusion of any evidence of recall is merited.

## IV. CONCLUSION

For the reasons set forth above, any evidence of testimony related to other recalls should be precluded from trial in the present case.

Dated: October 18, 2021	Respectfully submitted,

/s/ *Barry B. Sutton*
Barry B. Sutton, *Admitted PHV*
Steven D. Brock, *Admitted PHV*
Attorney for Alliance Outdoor Group, Inc. and Alliance Outdoors Products, Inc. d/b/a X-Stand Treestands
CLARK HILL PLC
151 South Old Woodward, Suite 200
Birmingham, MI 48009
bsutton@clarkhill.com
sbrock@clarkhill.com
Sutton Phone: (313) 964-8577
Brock Phone: (248) 988-1811

/s/ *Nathan H. Schnetzler*
Nathan H. Schnetzler
Virginia State Bar #: 86437
Sean C. Workowski
Virginia State Bar #: 36120
Attorney for Alliance Outdoor Group, Inc. and Alliance Outdoors Products, Inc. d/b/a X-Stand Treestands
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
Roanoke, Virginia 24011
Phone: (540) 772-4600
Fax: (540) 772-9167
Email: nschnetzler@faplawfirm.com
sworkowski@faplawfirm.com

## **CERTIFICATE OF SERVICE**

      I certify that on October 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

                                       */s/ Nathan H. Schnetzler*
                                              *Of Counsel*