IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHARD WALKER,

      Plaintiff,

v.

Case No: 3:20-cv-773

ALLIANCE OUTDOOR GROUP, INC.
And ALLIANCE OUTDOORS
PRODUCTS, INC., d/b/a X-STAND
TREESTANDS,

      Defendants.

---

**DEFENDANTS ALLIANCE OUTDOOR GROUP, INC. AND ALLIANCE OUTDOORS PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE POST-SALE EVIDENCE**

      Defendant Alliance Outdoor Group, Inc., Defendant Alliance Outdoors Products, Inc. ("Defendants" or "Alliance"), by and through their attorneys, and hereby submit their Memorandum of Law in Support of Motion *in Limine* to Preclude Post-Sale Evidence.

**I.    INTRODUCTION**

      This case surrounds Plaintiff Richard Walker's ("Plaintiff") improper use of a 2015 model year Silent Adrenaline Climbing Treestand distributed by Alliance Outdoor Products, Inc. Defendants anticipate that Plaintiff will designate exhibits and/or proffer testimony and evidence concerning post-sale evidence pertaining to manufacture or design of the product, including, references to post-sale changes to the design of the stand and/or cable assembly. However, post-sale evidence regarding manufacture or design of a product is irrelevant to the issues in this case and would only serve to mislead and confuse the jury. Virginia law makes clear that reference to any post-sale evidence should be excluded as it would result in severe prejudice to Alliance by

referring to alleged warnings and industry advances that are not connected to the issues in this case. Plaintiff's burden under the applicable Virginia law requires him to prove that the subject product was defective at the time it left the manufacturer's control. Therefore, any post-sale evidence does not aid the trier of fact in their determination of whether Plaintiff can sustain his burden. Any post-sale evidence presented by Plaintiff pertaining to manufacture or design of the product would not even come close to satisfying the law and allowing it would create another "mini-trial," which will cause needless waste of time and confusion to the jury. Therefore, this Court should enter an order to exclude post-sale evidence and allow the jury to focus on the facts of the case.

## II. RELEVANT FACTS

Plaintiff filed this product liability action as a result of an incident that occurred while Plaintiff was using a 2015 model year Silent Adrenaline Climbing Treestand distributed by Alliance and allegedly purchased by Plaintiff in May 2015 from Sportsman's Guide. Plaintiff alleges that he fell when a cable attachment broke on the upper portion of the two-piece climber. Plaintiff further alleges that the cable attachment in question was defectively designed and that Alliance failed to provide adequate warnings.

Despite these allegations, Plaintiff has focused much time during discovery on post-sale changes in the treestand and cable design. These include multiple designations of witness testimony related to changes made.

## III. LAW AND ARGUMENT

### A. STANDARD OF REVIEW

Relevant evidence is admissible unless excluded by the Federal Rules of Evidence. *See* Fed. R. Evid. 402. "The Court may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice . . . [ or] wasting time." *See* Fed. R. Evid. 403. "Unfair prejudice occurs when evidence leads a jury to make its decision on the basis of factors other than the merits of the case, commonly on the basis of emotion, but also on any other basis not justified by the evidence." *See United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (internal quotation marks omitted) (holding that "evidence is unfairly prejudicial and thus should be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence").

### B. POST-SALE EVIDENCE CANNOT BE ADMITTED BECAUSE IT FAILS TO PROVIDE ANY PROBATIVE VALUE TO PLAINTIFF'S CLAIMS.

Virginia law establishes that, with regard to any product liability claims, the product is judged at the time it was sold. To succeed in a products liability claim, a plaintiff must show that the goods in question were unreasonably dangerous, and "that the unreasonably dangerous condition existed ***when the goods left the defendant's hands***." *Evans v. Nacco Materials Handling Grp., Inc.*, 810 S.E.2d 462, 469 (Va. 2018) (quoting *Featherall v. Firestone Tire & Rubber Co.*, 252 S.E.2d 358, 367 (Va. 1979)) (emphasis added). Similarly, "[t]o sustain a claim for negligent design, a plaintiff must show that the manufacturer failed to meet objective safety standards prevailing ***at the time the product was made***." *Holiday Motor Corp. v. Walters*, 292 Va. 461, 478 n.14 (2016) (emphasis added). "Since Virginia law requires an examination of whether the 'unreasonably dangerous condition existed ***when the goods left the manufacturer's hands***,' the court examines the reasonable safety expectations of consumers ***at the time the product left the manufacturer's hands***." *Evans v. Nacco Materials Handling Group, Inc.*, 810 S.E.2d 462, 470 (Va. 2018) (quoting *Morgen Industries, Inc. v. Vaughan*, 471 S.E.2d 489, 492 (Va. 1996))

(emphasis added); *see also Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993); *Marshall v. H.K. Ferguson Co.*, 623 F.2d 882, 885 (4th Cir. 1980).

Based upon this law, the relevant inquiry pertains to those facts and evidence that existed when the product was first sold (here, before May 2015). Plaintiff can sustain his claim only if he shows that the treestand in question and its warnings were defective or unreasonably dangerous **at the time it left Alliance's hands**. This well-established standard makes the introduction of post-sale evidence wholly irrelevant to the question of the design at the time it left the control of Alliance. A finder of fact must determine whether a product was defective at the time it was sold—which cannot include reference to evidence that post-dates the date of manufacture.

The reason for this is simple. Product designers only have the knowledge that they have at the time of the design of that particular product. Subsequent literature, changing industry custom and practice and manufacturing and design improvements all can alter the development and continuation of a given design. However, this information was not available to the designer at the time of the design of the products. Adequate designs and warnings do not later become defective by way of new products or evolving industry standards. For this reason, courts across the United States have consistently barred post-sale evidence from trial. *See e.g., Anderson v. Nissan Motor Co., Ltd.*, 139 F.3d 599, 602 (8th Cir. 1998) (holding that trial court properly excluded post-sale evidence of feasibility of alternative design as such evidence was irrelevant, immaterial and its potential prejudicial effect outweighed any probative value); *Roberts v. Hamischfeger Corp.*, 901 F.2d 42, 44 (5th Cir. 1989) (affirming that the exclusion of evidence related to the manufacturer's post-sale addition of a safety feature on a crane as irrelevant to the reasonableness "of the design at the time of manufacture"); *Branham v. Ford Motor Co.,* 701 S.E.2d 5, 17-18

(S.C. 2010) ("The use of post-distribution evidence to evaluate a product's design through the lens of hindsight is improper."); *Gregory v. Cincinnati, Inc.* 450 Mich. 1, 34-35 (1995).[1]

Accordingly, evidence that post-dates the sale of the subject product is not relevant to the inquiry before the Court. Evidence of post-sale changes in design of either the treestand or the cable assemblies is simply not probative of Plaintiff's claims because it lacks any tendency to show whether Plaintiff's treestand was defective or unreasonably dangerous in 2015. Since the subject treestand is to be evaluated at the time of distribution, no actions taken either by Alliance (or other treestand manufacturers) after the product left Alliance's control can be remotely relevant to the disputed issues at trial. Therefore, this Court should enter an order prohibiting Plaintiff or his attorneys from introducing any evidence, argument, or testimony regarding post-sale evidence pertaining to the manufacture or design of the subject treestand as such evidence is not relevant to the issues at trial. Likewise, this Court should enter an order precluding Plaintiff or his attorneys from referencing outside evidence relating to other manufacturers, other products, purported state of the art that post-date the original sale of the subject product at trial.

### C. ADMITTING POST-SALE EVIDENCE WOULD CAUSE UNDUE PREJUDICE AGAINST ALLIANCE AND WOULD BE CONTRARY TO PUBLIC POLICY.

Post-sale evidence should also be excluded because any purported relevancy of the evidence is outweighed by the prejudicial value. Allowing the jury to hear post-sale evidence such as newer designs of cable assemblies, etc., would be unduly prejudicial against Alliance because Plaintiff would attempt to use the evidence (as Dickinson suggests in his report) to prove a defect. It would also impermissibly charge Alliance with knowledge it could not have reasonably had or

---

[1] Virginia law prohibits Plaintiff from using subsequent remedial measures to prove negligence, including improvements in design and manufacturing. *See* Va. Code § 8.01-418.1; Fed. R. Evid. 407.

implemented at the time it manufactured and sold the subject treestand. With a high potential for jury confusion, Defendants would have to spend excessive and unneeded time explaining to the jury that the changes were not safety related, a process that would waste time and potentially confuse the jury.

Courts consistently recognize that such post-manufacture evidence tends to taint and influence juries' findings regardless of instructions limiting the jury's considerations to the applicable timeline. *See e.g.*, *Gregory v. Cincinnati, Inc.*, 450 Mich. 1, at 34-35 (1995); *Knight v. Otis Elevator Co.,* 596 F.2d 84, 91-91 (3d Cir. 1979) ("Thus, additional evidence on this issue would have been cumulative at best and prejudicial at worst. It does not appear from a review of the record that the district court abused its discretion under Rule 403 in excluding evidence of subsequent repairs.") (footnote omitted). In the seminal case concerning post-sale evidence, the court in *Gregory v. Cincinnati, Inc.*, 538 N.W.2d 325, 334 (Mich. 1995), held that the introduction of post-manufacture evidence into trial is not only prejudicial but also contrary to public policy. As explained by the Michigan Supreme Court in *Gregory v. Cincinnati Inc.,* 450 Mich. 1, 22, 538 N.W.2d 325, 334 (1995) while addressing similar date of sale liability determinations as set forth under Virginia law, "[f]ocusing on postmanufacture conduct . . . improperly shifts the focus from point-of-manufacture conduct and considers post manufacture conduct and technology that accordingly has the potential to taint a jury's verdict regarding a defect." The Court explained:

> [W]e are persuaded that the extensive postmanufacture evidence tainted and influenced the jury's finding of liability, regardless of the instruction that restricted the jury's consideration to the time when the press left Addy–Morand's control. Liability against a manufacturer is premised on a theory that a defect existed at the point of manufacture. On the other hand, liability against a seller hinges on a defect existing at the point of sale, which is a point later than the time of manufacture . . . . On the facts of this case, where there is no proof or mention of negligence against a seller, the only proof the jury could possibly review in order to find liability against the seller is the evidence offered against the manufacturer. However, as noted above, the extensive postmanufacture evidence tainted the finding of a defect

> against a manufacturer. On these facts, we find no reason to believe that the extensive postmanufacturing evidence did not also taint the seller's verdict . . . .

*Id.* at 34-35.

The prohibition of post-distribution evidence was further explained by the South Carolina Supreme Court in *Branham v. Ford Motor Co.,* 390 S.C. 203, 227, 701 S.E.2d 5, 17-18 (2010). The Court noted the only fair analysis of defect must be based upon the industry knowledge that was available at the time of distribution, and not upon industry advancements, changes, knowledge or other items that arose after that time. The Court explained:

> We first clarify what is post-distribution evidence. Simply defined, post-distribution evidence is evidence of facts neither known nor available at the time of distribution. When assessing liability in a design defect claim against a manufacturer, the judgment and ultimate decision of the manufacturer must be evaluated based on what was known or "reasonably attainable" at the time of manufacture. *See* Restatement (Third) of Torts: Products Liability § 2, cmt. a. (1998). The use of post-distribution evidence to evaluate a product's design through the lens of hindsight is improper. *See Gregory v. Cincinnati, Inc.,* 450 Mich. 1, 538 N.W.2d 325, 326 (1995) ("Evidence of conduct after the date of manufacture improperly shifts the focus from the premanufacturing decision and has the potential to taint any finding of liability.").

*Branham v. Ford Motor Co.,* 390 S.C. 203, 227, 701 S.E.2d 5, 17-18 (2010).

These Courts' rationale is equally applicable here. Allowing the jury to hear post-sale evidence would discourage Alliance and others in the industry from altering their designs if such alterations can be used against them in future litigation. It would also trigger the public policy behind Va. Code § 8.01-418.1 and Fed. R. Evid. 407 which prohibit the use of subsequent remedial measures or improvements to prove Plaintiff's claims. Therefore, this Court should grant Defendants' Motion *in Limine* and exclude Plaintiff or his attorneys from presenting any evidence, argument, or testimony regarding post-sale evidence pertaining to the manufacture or design of the subject treestand.

**D. POST-SALE EVIDENCE WILL CAUSE CONFUSION AND WASTE A GREAT DEAL OF TIME.**

Allowing the jury to hear post-sale evidence would pivot the course of this trial into a land of confusion and mayhem. "To state the obvious, 'a courtroom is a poor substitute for a design office.'" *Evans v. Nacco Materials Handling Group, Inc.*, 810 S.E.2d 462, 469 (Va. 2018) (quoting *Santiago v. Johnson Mach. & Press Corp.*, 834 F.2d 84, 85 (3d Cir. 1987)); *see also Grenada Steel Industries, Inc. v. Alabama Oxygen Co., Inc*., 695 F.2d 883, 888 (5th Cir. 1983) ("The jury's attention should be directed to whether the product was reasonably safe at the time it was manufactured. . . . The introduction of evidence about subsequent changes in the product or its design threatens to confuse the jury by diverting its attention from whether the product was defective at the relevant time to what was done later."); *Alexander & Conveyors & Dumpers, Inc.,* 731 F.2d 1221 (5th Cir. 1984) (holding that the lack of probative value and danger of jury confusion mandates exclusion of the evidence of subsequent design changes whether made by the defendant or a third party); *Middleton v. Harris Press & Shear, Inc.,* 796 F.2d 747 (5th Cir. 1986) (holding that subsequent design changes tended to "confuse the jury by diverting its attention from whether the product was defective at the relevant time [i.e., the time of manufacture] to what was done later.").

Showing the jury designs, warnings, and other materials that post-date the manufacture of the treestand in question will inevitably lead to confusion that may not be remedied by a limiting instruction. Exposing the jury to inflammatory arguments based upon post-sale evidence would create a great risk of unfair prejudice to Alliance, as well as the possibility of confusion of the issues in this case. In addition, the admission of post-sale evidence will require Alliance to introduce extensive rebuttal evidence concerning the reasons for and circumstances surrounding each piece of evidence. Accordingly, the jury's attention would continually be drawn away from

its proper examination of the circumstances surrounding the alleged accident and the subject product. Therefore, this Court should grant Defendants' Motion *in Limine* and exclude Plaintiff or his attorneys from presenting any evidence, argument, or testimony regarding post-sale evidence pertaining to the manufacture or design of the subject treestand.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion *in Limine*, and Defendants' actions that post-date the original sale of the subject product at trial, and thereby enter an Order precluding Plaintiff or his attorneys from introducing any evidence, argument or testimony regarding post-sale evidence pertaining to the manufacture or design of the subject crossbow at the trial on this matter.


Dated: October 18, 2021            Respectfully submitted,

                                             */s/ Barry B. Sutton*
                                             Barry B. Sutton, *Admitted PHV*
                                             Steven D. Brock, *Admitted PHV*
                                             Attorney for Alliance Outdoor Group, Inc. and
                                             Alliance Outdoors Products, Inc. d/b/a X-Stand
                                             Treestands
                                             CLARK HILL PLC
                                             151 South Old Woodward, Suite 200
                                             Birmingham, MI 48009
                                             bsutton@clarkhill.com
                                             sbrock@clarkhill.com
                                             Sutton Phone: (313) 964-8577
                                             Brock Phone: (248) 988-1811

*/s/ Nathan H. Schnetzler*
Nathan H. Schnetzler
Virginia State Bar #: 86437
Sean C. Workowski
Virginia State Bar #: 36120
Attorney for Alliance Outdoor Group, Inc. and
Alliance Outdoors Products, Inc. d/b/a X-Stand
Treestands
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
Roanoke, Virginia  24011
Phone:  (540) 772-4600
Fax:  (540) 772-9167
Email:   nschnetzler@faplawfirm.com
           sworkowski@faplawfirm.com

**CERTIFICATE OF SERVICE**

I certify that on October 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

                                              */s/ Nathan H. Schnetzler*
                                                          *Of Counsel*