IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHARD WALKER,                                       Plaintiff,

v.                    Civil Action No.: 3:20-cv-773

ALLIANCE OUTDOOR GROUP, INC.,
And
ALLIANCE OUTDOORS PRODUCTS, INC.,
d/b/a X-STAND TREESTANDS,                             Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' MOTION IN LIMINE TO EXCLUDE STUDIES ABOUT HARNESS USE**

Pursuant to Local Rule 7, now comes the Plaintiff, by counsel in this matter, and does submit Plaintiff's Reply to Defendants' Motion in Limine to Exclude Studies About Harness Use.

I. **Studies about harness use are relevant.**

The studies about harnesses are relevant as they goes directly to Plaintiff's theory of negligence. Rule 401 of the Federal Rules of Evidence states that evidence is relevant if it "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE R. 401. Under a negligence theory of a product liability case, "[a] product is unreasonably dangerous if it is defective in assembly or manufacture, unreasonably dangerous in design, or unaccompanied by adequate warnings concerning its hazardous properties." Evans v. NACCO Materials Handling Grp., Inc., 295 Va. 235, 246 (2018) (quoting Morgen Indus., Inc. v. Vaughan, 252 Va. 60, 65 (1996)). In addition, "[w]hile a manufacturer may not be held liable for every misuse of its product, it may be held liable for a **foreseeable misuse** of an unreasonably dangerous product." Evans, 295 Va. at 246-47 (quoting Jeld-Wen, Inc. v. Gamble, 256 Va. 144, 148 (1998)).

1

Here, the studies are relevant to Defendants' argument that Mr. Walker caused his accident by temporarily removing his harness. Defendants even included a two-page statement of facts within their *motion in limine* explaining their theory of the case. As this court has stated, there is a genuine dispute of material fact as to whether Plaintiff acted reasonably in removing the harness. One way that Plaintiff can combat Defendants' theory is by showing that not wearing a harness is foreseeable. See Evans, 295 Va. at 246-47. These studies go directly to foreseeability as they show how frequently hunters do not wear their safety harnesses. See Exhibit A, Behavior and Risk Probabilities of Deer Hunting Falls among Wisconsin Hunters; Exhibit B, Treestand Falls: Deer Hunting's Most Common Accident.

## II. Studies about harness use are admissible hearsay under Rule 803(18).

Studies about harness use are admissible as they fall into an exception to the rule against hearsay. Rule 803(18) permits parties to admit statements in learned treatises, periodicals, or pamphlets. Under this rule, "[a] statement contained in a treatise, periodical, or pamphlet if:

(A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and

(B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice

If admitted, the statement may be read into evidence but not received as an exhibit. FRE R. 803(18). Courts within the Fourth Circuit have permitted published studies of relevant information that may be helpful to the jury's deliberations. See G.T. v. Bd. of Educ., 2021 U.S. Dist. LEXIS 159801 *7 (S.D.W.V. Aug. 24, 2021) (admitting a report on racial disparities in how school systems identify, classify, and support students with disabilities in a disability discrimination case); United States v. Medley, 312 F. Supp. 3d 493, 503 (D. Md. 2018) (admitting

any learned treatises regarding the limitations of using historical cell tower billing records to identify the location of a cell phone in a criminal trial).

Here, Plaintiff may seek to introduce these studies through his expert witness, William Dickinson. Pursuant to Rule 803(18), Mr. Dickinson will establish the studies as a reliable authority during his direct examination. Furthermore, this information directly supports Mr. Dickinson's opinion that the treestand design must take into account users not wearing a tree harness. See Exhibit C, Dickinson Rep., 9. Therefore, the studies about harness use are admissible under Rule 803(18).

Many of Defendants' objections to the studies for their prejudicial effect or perceived deficiencies are easily addressed by being able to cross examine Mr. Dickinson. Additionally, Rule 803(18) does not permit Plaintiff to admit the studies into evidence; it only permits Mr. Dickinson to read from the studies. These safeguards should be enough to combat any prejudice the studies may create.

### III. Conclusion

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion in Limine to Exclude Studies About Harness Use.

RICHARD WALKER

By Counsel

_/s/ William B. Kilduff_____
William B. Kilduff, Esquire
VSB # 16665
Christopher L. Spinelli, Esquire
VSB # 51332
EMROCH & KILDUFF, LLP
3600 West Broad Street, Suite 700
P. O. Box 6856
Richmond, VA 23230-0856
(804) 358-1568
(804) 353-5817 (fax)
wkilduff@emrochandkilduff.com
cspinelli@emrochandkilduff.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I filed the foregoing Memorandum electronically with the Clerk of Court via the Court's CM/ECF system, which caused a true and accurate copy of the same to be sent this 20th day of October, 2021 to:

>Barry B. Sutton, *Admitted Pro Hac Vice*
>Steven D. Brock, *Admitted Pro Hac Vice*
>151 South Old Woodward Ave., Ste. 200
>Birmingham, MI 48009
>Phone: (313) 965-8577 – Sutton
>Phone: (248) 988-1811 -- Brock
>bsutton@clarkhill.com
>sbrock@clarkhill.com
>
>FRITH ANDERSON + PEAKE, P.C.
>Sean C. Workowski (USB No. 36120)
>Nathan H. Schnetzler (USB No. 86437)
>29 Franklin Road, SW
>Roanoke, Virginia 24006-1240
>Telephone: (540) 772-4600
>Facsimile: (540) 772-9167
>sworkowski@faplawfirm.com
>nschnetzler@faplawfirm.com
>
>*Counsel for Defendants*


>  /s/ William B. Kilduff_____
>William B. Kilduff, Esquire
>VSB # 16665
>Christopher L. Spinelli, Esquire
>VSB # 51332
>EMROCH & KILDUFF, LLP
>3600 West Broad Street, Suite 700
>P. O. Box 6856
>Richmond, VA 23230-0856
>(804) 358-1568
>(804) 353-5817 (fax)
>wkilduff@emrochandkilduff.com
>cspinelli@emrochandkilduff.com
>*Counsel for Plaintiff*