## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT M. EDWARDS )
2195 Bluejay Lane )
Kronenwetter, WI 54455, )
  )
    and, )   CIVIL ACTION FILE NO. 3:21-cv-571
  )
KELLI EDWARDS )
2195 Bluejay Lane )
Kronenwetter, WI 54455 )   **JURY TRIAL DEMAND**
  )
      Plaintiffs )
  )
PEOPLES STATE BANK GROUP )
BENEFIT PLAN, c/o Peoples State Bank, )
Registered Agent, )
1905 Stewart Avenue )
Wausau, WI  54402, )
  )
      Nominal Plaintiff. )
v. )
  )
ALLIANCE OUTDOORS PRODUCTS, )
INC., d/b/a X-STAND TREESTANDS )
c/o Registered Agent Nathan M. Stieren )
14607 Felton Court, Suite 116 )
Apple Valley, MN  55124, )
  )
ALLIANCE OUTDOOR GROUP, INC. )
c/o Registered Agent Nathan M. Stieren )
21673 Cedar Ave S )
Lakeville MN 55044, )
  )
EVEREST NATIONAL )
INSURANCE COMPANY )
c/o Corporation Service Company, )
Registered Agent )
8040 Excelsior Drive, Suite 400 )
Madison, WI  53717, )
  )
ABC INSURANCE COMPANY, )
one or more fictitious insurance corps., )
  )
      Defendants )



EXHIBIT
J

---
## COMPLAINT
---

The above named plaintiffs, Scott M. Edwards and Kelli Edwards, by **HABUSH HABUSH & ROTTIER S.C.®**, their attorneys, as and for a Complaint against the above named defendants, alleges and shows to the Court as follows:

### INTRODUCTION

1.      Plaintiffs Scott M. Edwards and Kelli Edwards bring this action against defendants Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, Alliance Outdoor Group, Inc., Everest National Insurance Company, and ABC Insurance Company (one or more fictitious insurance corporations), for damages sustained by the Plaintiffs as a direct and proximate result of the negligence and strict product liability of defendants Alliance Outdoor Group, Inc. and Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, relative to a specific climbing tree stand bearing Model No. 5X-0815 XSCT334 (hereinafter referred to as the "Incident Treestand" when referencing the specific climbing treestand that was involved in the incident which forms the basis for this lawsuit). The portion of the Incident Treestand identified by defendants as the "Seat Section", and the "Cable" to said "Seat Section", in particular, suddenly and without warning, catastrophically failed while being used by Plaintiff Scott M. Edwards in the ordinary course of archery hunting on October 2, 2018 in Marathon County, Wisconsin, resulting in Plaintiff Scott M. Edwards falling from the tree that he intended to hunt from, and on to the ground, resulting in serious and permanent personal injury to Plaintiff Scott M. Edwards. Nominal Plaintiff Peoples State Bank Group Benefit Plan is a self-funded ERISA health plan which has paid medical benefits on behalf of Plaintiff Scott M. Edwards, and which may have a subrogation interest in this matter.

2

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over all causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between the Plaintiffs and all Defendants as citizens of different states, and the amount in controversy exceeds seventy-five thousand ($75,000.00) excluding interest and costs.

3.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to this claim occurred within the Western District of Wisconsin, and the Defendants regularly conduct business in the Western District of Wisconsin.

**PARTIES**

4.      At the present time, Plaintiff Scott M. Edwards, is an adult citizen and resident of the State of Wisconsin, who is presently, and at all times material, domiciled and residing at 2195 Bluejay Lane, Village of Kronenwetter, Marathon County, WI 54455.  Plaintiff Scott M. Edwards is presently, and at all times material, the lawful spouse of Plaintiff Kelli Edwards.

5.      At the present time, Plaintiff Kelli Edwards, is an adult citizen and resident of the State of Wisconsin, who is presently, and at all times material, domiciled and residing at 2195 Bluejay Lane, Village of Kronenwetter, Marathon County, WI 54455.  Plaintiff Kelli Edwards is presently, and at all times material, the lawful spouse of Plaintiff Scott M. Edwards.

6.      The nominal plaintiff, Peoples State Bank Health Benefit Plan (hereinafter referred to as "The Plan"), is a self-funded ERISA health insurance program for plan beneficiaries (which include plaintiffs Scott M. Edwards and Kelli Edwards).  The Plan and the Plan Sponsor, Peoples State Bank, are headquartered and have principal offices at Peoples State Bank, 1905 Stewart Avenue, Wausau, WI 54402, which is also the name and address of the Registered Agent for Service of Process.  The Plan and the Plan Sponsor are citizens of, and are domiciled in, Marathon

3

County in the Western District of Wisconsin.  Further allege that pursuant to said policy of health insurance, the nominal plaintiff, The Plan, may have made payment of medical expenses incurred as a result of injuries suffered by the plaintiff, Scott M. Edwards, as a direct and proximate result of the incident which is the subject of this lawsuit.  That, as a result of said payment of medical expenses, the nominal plaintiff, The Plan, may have a subrogated interest herein.

7.      At the present time, the defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, is a foreign corporation, incorporated in the State of Minnesota, with principal executive offices located at 21673 Cedar Ave S, Lakeville, MN 55044, a Registered Office Address of 14607 Felton Court, Suite 116, Apple Valley, MN 55124, and Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands' Registered Agent is Nathan M. Stieren, 21673 Cedar Ave S, Lakeville, MN 55044. Defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, is a citizen of, and is domiciled in, the State of Minnesota.

8.      At all times material, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, has been in the business of designing, testing, inspecting, manufacturing, marketing, and selling climbing treestands, including the Incident Treestand. At all times material hereto, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands was and has been engaged in substantial and not isolated activities within Wisconsin and within the Western District of Wisconsin, and solicitation and/or service activities were and are carried on within Wisconsin and within the Western District of Wisconsin, by or on behalf of defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, and products, materials or things processed, serviced, or manufactured by defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, were and are sold, used, and consumed within Wisconsin and within the Western District of Wisconsin, in the ordinary course of trade.  At all times material hereto, defendant Alliance Outdoors Products,

4

Inc., d/b/a X-Stand Treestands, was engaged in the business of marketing, designing, distributing, manufacturing, and selling outdoor equipment, including the Subject Model Treestand and the Incident Treestand.

9.     At the present time, the defendant, Alliance Outdoor Group, Inc., is a foreign corporation, incorporated in the State of Minnesota, with principal executive offices located a 21673 Cedar Ave S, Lakeville, MN 55044, a Registered Office Address of 14645 Felton Court, Suite 103, Apple Valley, MN 55124, and Alliance Outdoor Group, Inc.'s Registered Agent is Nathan M. Stieren, 21673 Cedar Ave S, Lakeville, MN 55044.  Defendant, Alliance Outdoor Group, Inc., is a citizen of, and is domiciled in, the State of Minnesota.

10.     At all times material, defendant Alliance Outdoor Group, Inc. has been in the business of designing, testing, inspecting, manufacturing, marketing, and selling climbing treestands, including the Incident Treestand. At all times material hereto, defendant Alliance Outdoor Group, Inc. was and has been engaged in substantial and not isolated activities within Wisconsin and within the Western District of Wisconsin, and solicitation and/or service activities were and are carried on within Wisconsin and within the Western District of Wisconsin, by or on behalf of defendant Alliance Outdoor Group, Inc., and products, materials or things processed, serviced, or manufactured by defendant Alliance Outdoor Group, Inc., were and are sold, used, and consumed within Wisconsin and within the Western District of Wisconsin, in the ordinary course of trade.  At all times material hereto, defendant Alliance Outdoor Group, Inc. was engaged in the business of marketing, designing, distributing, manufacturing, and selling outdoor

equipment, including the "Subject Model Treestand" and the "Incident Treestand" (as those terms are defined herein).[1]

11.    At the present time, the defendant, Everest National Insurance Company ("Everest"), is incorporated and domiciled in the State of Delaware; is a citizen of the State of Delaware; has its principal place of business and statutory home office in the State of Delaware at 251 Little Falls Dr., Wilmington, DE 19808; conducts substantial business in the State of Wisconsin; and has recorded its Registered Agent in Wisconsin as Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.   Pursuant to 28 U.S. Code § 1332(c)(1)(A), Everest is also deemed to be a citizen of Minnesota, where their insured, defendant Alliance Outdoor Group, Inc., is a citizen and is domiciled.

12.    Defendant, Everest, is engaged in the business of writing and selling policies of insurance; prior to the date of this accident, October 2, 2018, the defendant corporation had issued a policy of insurance to defendant Alliance Outdoor Group, Inc., insuring said defendant for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter of October 2, 2018; in the contract of insurance, Everest National Insurance Company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, Everest National Insurance Company is a proper party defendant herein.

13.    At the present time, the defendant, Everest, is incorporated and domiciled in the State of Delaware; is a citizen of the State of Delaware; has its principal place of business and statutory home office in the State of Delaware at 251 Little Falls Dr., Wilmington, DE 19808;

---

[1] Model No. 5X-0815 XSCT334.  (Reference to this Model No. of climbing treestand is herein signified as "Subject Model Treestand" when referencing the make and model generally.  Reference to the specific climbing treestand that was involved in the incident which forms the basis for this lawsuit is herein signified as "Incident Treestand")

conducts substantial business in the State of Wisconsin; and has recorded its Registered Agent in Wisconsin as Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717. Pursuant to 28 U.S. Code § 1332(c)(1)(A), Everest is also deemed to be a citizen of Minnesota, where their insured, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, is a citizen and is domiciled.

14.    Defendant, Everest, is engaged in the business of writing and selling policies of insurance; prior to the date of this accident, October 2, 2018, the defendant corporation had issued a policy of insurance to defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, insuring said defendant for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter of October 2, 2018; in the contract of insurance, Everest National Insurance Company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, Everest National Insurance Company is a proper party defendant herein.

15.    Upon information and belief, one or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy or policies of insurance to Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, which provided coverage to defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

7

16.     Upon information and belief, one or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy or policies of insurance to Alliance Outdoor Group, Inc., which provided coverage to defendant Alliance Outdoor Group, Inc. for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

17.     Reallege and incorporate by reference herein, as if fully set forth, all the foregoing allegations.

18.     That the defendants, Alliance Outdoor Group, Inc. and Alliance Outdoors Products Inc., d/b/a X-Stand Treestands, designed, manufactured, marketed, distributed, delivered, sold, tested, and inspected, and placed in to the stream of commerce a make and model of climbing treestand manufactured by the defendants and/or companies under the control of the defendants, said treestand bearing Model No. 5X-0815 XSCT334.

19.     That the defendants, Alliance Outdoor Group, Inc. and Alliance Outdoors Products Inc., d/b/a X-Stand Treestands, designed, manufactured, marketed, distributed, delivered, sold, tested, and inspected and placed in to the stream of commerce the Incident Treestand that was involved in the incident which forms the basis for this lawsuit, said Incident Treestand bearing Model No. 5X-0815 XSCT334.

20.     That the metal plate showing the Model No. of the Incident Treestand is depicted in the photograph embedded immediately below:

Page 4 of 137 – Edwards - Alliance Outdoor Products – Project No.: B19-122



Filename: B19-122 - GMS - 1-14-20- 005 (Medium).JPG

21.    That the Subject Model Treestand and the Incident Treestand include an upper section, identified by defendants Alliance Outdoor Group, Inc., and Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, as the "Seat Section."

22.    That the basic diagram of the "Seat Section" of the Subject Model Treestand and the Incident Treestand is as set forth immediately below, and as published by defendants Alliance Outdoor Group, Inc., and Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands.



23.    Relative to the Subject Model Treestand and the Incident Treestand, the portion of the "Seat Section" identified as the "Cable" consists of two wire ropes that are encased by a series of rectangular aluminum segments.  The aluminum segments are encased by a flexible plastic casing.

24.    That the Subject Model Treestand and the Incident Treestand include a lower section, identified by defendants Alliance Outdoor Group, Inc., and Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, as the "Foot Section."

25.    That the basic diagram of the "Foot Section" of the Subject Model Treestand and the Incident Treestand is as set forth immediately below, and as published by defendants Alliance Outdoor Group, Inc., and Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands.



26.     That on or about October 2, 2018, on public land located in Marathon County, Wisconsin, at or within the vicinity of coordinates 44.80478, -89.3114 as shown immediately below, Plaintiff Scott M. Edwards was using the Incident Treestand for its ordinary and intended purpose of bow-hunting for deer from an elevated position in a tree.

Case 3:20-cv-00773-HEH    Document 94-10    Filed 10/20/21    Page 12 of 35 PageID#
1802
Case: 3:21-cv-00571-slc    Document #: 1    Filed: 09/13/21    Page 12 of 35



27.    That on the date and at location described above, and while Plaintiff, Scott M.
Edwards, was in the process of using the Incident Treestand for its ordinary and intended purpose,
the "Cable" that is intended to hold the "Seat Section" of the Incident Treestand to the tree,
catastrophically failed, causing the "Seat Section" of the Incident Treestand to unexpectedly
disconnect from the tree, thereby causing the Plaintiff, Scott M. Edwards, to unexpectedly fall
from a height of over 15 feet to the ground, thereby causing the Plaintiff, Scott M. Edwards, to
sustain serious and permanent personal injuries, including but not limited to a right-side
comminuted calcaneous fracture, and subsequent treatment including but not limited to open-
reduction and internal fixation, and physical therapy.

28.    That the "Cable" of the "Seat Section" of the Incident Treestand catastrophically
failed where the "Cable" meets the portion of the "Seat Section" designated as "Seat Section
Support – Right" as signified in the diagram immediately below by the red circle:



29.    That the section of the "Cable" that failed on the Incident Treestand is depicted in the images embedded immediately below:

Page 44 of 137 – Edwards - Alliance Outdoor Products – Project No.: B19-122



Filename: B19-122 - GMS - 1-14-20- 085 (Medium).JPG



Filename: B19-122 - GMS - 1-14-20- 086 (Medium).JPG

## Beacon Scientific, LLC

Edwards v.X-Stands (Claim)
APO000044

Case 3:20-cv-00773-HEH    Document 94-10    Filed 10/20/21    Page 15 of 35 PageID#
1805
Case: 3:21-cv-00571-slc    Document #: 1    Filed: 09/13/21    Page 15 of 35

30. That the Subject Model Treestand and the Incident Treestand were designed, manufactured, marketed, distributed, and sold as having a maximum weight capacity of 300 lbs. for users and equipment.

31. That at all times material, relative to the indicated maximum weight capacity of 300 lbs. for the Subject Model Treestand and the Incident Treestand, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, has stated that "[s]trict weight limitations have been set for each product to ensure your personal safety."

32. That at all times material, relative to the indicated maximum weight capacity of 300 lbs. for the Subject Model Treestand and the Incident Treestand, defendant Alliance Outdoor Group, Inc., has stated that "[s]trict weight limitations have been set for each product to ensure your personal safety."

33. That on or about October 2, 2018, Plaintiff Scott M. Edwards weighed 185 pounds, and together with his hunting clothing and gear, weighed substantially less than the Incident Treestand's maximum weight capacity of 300 lbs.

34. That in December of 2014,[2] defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, held itself out as "[m]anufacturing the most innovative treestands in the industry" as set forth at http://web.archive.org/web/20141220083820/http://x-stand.com/ and as embedded in pertinent part immediately below:

---

[2] http://web.archive.org/web/20141220083820/http://x-stand.com/, last accessed September 7, 2021.



35.    That in December of 2014, defendant, Alliance Outdoor Group, Inc., held itself out as "[m]anufacturing the most innovative treestands in the industry" as set forth at http://web.archive.org/web/20141220083820/http://x-stand.com/ and as embedded in pertinent part in the immediately foregoing paragraph.

36.    That in August of 2015, defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand

Treestands, held itself out as "[m]anufacturing the lightest and most innovative ladder, climbing,

and      hang-on      treestands     in     the     industry"     as     set     forth     at

http://web.archive.org/web/20150812075305/http://x-stand.com/[3] and as embedded in pertinent

part immediately below:



37.    That in August of 2015, defendant, Alliance Outdoor Group, Inc., held itself out as

"[m]anufacturing the lightest and most innovative ladder, climbing, and hang-on treestands in the

---

[3] http://web.archive.org/web/20150812075305/http://x-stand.com/, last accessed on Sept. 7, 2021.

industry" as set forth at http://web.archive.org/web/20150812075305/http://x-stand.com/[4] and as embedded in pertinent part in the immediately foregoing paragraph.

      38.     That the defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, does, at the present time, hold itself out as "[m]anufacturing the lightest and most innovative ladder, climbing, and hang-on treestands in the industry" as set forth at www.x-stand.com[5] and as embedded in pertinent part immediately below:

---

[4] http://web.archive.org/web/20150812075305/http://x-stand.com/, last accessed on Sept. 7, 2021.
[5] www.x-stand.com, last accessed on Sept. 7, 2021.



Case 3:20-cv-00773-HEH    Document 94-10    Filed 10/20/21    Page 20 of 35 PageID#
1810
Case: 3:21-cv-00571-slc    Document #: 1    Filed: 09/13/21    Page 20 of 35

39.     That defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, does, at the present time, hold itself out as "[m]anufacturing the lightest and most innovative ladder, climbing, and hang-on treestands in the industry" as set forth at www.x-stand.com[6] and as embedded in pertinent part in the immediately foregoing paragraph.

40.     That the Incident Treestand was manufactured between June and August of 2015.

41.     That the Incident Treestand was distributed, sold, and placed in to the stream of commerce in Wisconsin in 2015.

42.     That the "Seat Section" including the "Cable" of the Incident Treestand reached the end-user, Plaintiff, Scott M. Edwards, without substantial change in the condition in which it was sold and/or placed in to the stream of commerce in Wisconsin by defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands.

43.     That the "Seat Section" including the "Cable" of the Incident Treestand reached the end-user, Plaintiff, Scott M. Edwards, without substantial change in the condition in which it was sold and/or placed in to the stream of commerce in Wisconsin by defendant, Alliance Outdoor Group, Inc.

**FIRST CAUSE OF ACTION**
**CLAIMS FOR DAMAGES BASED ON NEGLIGENCE**
**OF DEFENDANT ALLIANCE OUTDOORS PRODUCTS, INC., D/B/A X-STAND**
**TREESTANDS**

44.     Reallege and incorporate by reference herein, as if fully set forth, all the foregoing allegations.

---

[6] www.x-stand.com, last accessed on Sept. 7, 2021.

45.      Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, owed a duty of care to actual and potential customers and consumers, including end-users like the Plaintiff, Scott M. Edwards, with respect to the Subject Model Treestand and the Incident Treestand. Such duties included, but were not limited to: designing, testing, manufacturing, distributing, selling, and otherwise placing into the stream of commerce, the Subject Model Treestand and the Incident Treestand in a fashion that is reasonably safe to end-users and consumers like Plaintiff Scott M. Edwards.

46.      Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, breached these duties by, among other things, designing, testing, manufacturing, distributing, selling, and otherwise placing into the stream of commerce, the Subject Model Treestand and the Incident Treestand in a manner that was unreasonable and negligent.

47.      In particular, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, was negligent by virtue of the inclusion of a "Cable" on the "Seat Section" on the Subject Model Treestand and on the Incident Treestand that allowed for ultimate catastrophic failure of the "Cable" and disconnection of the "Seat Section" from the tree during ordinary and intended use, said ultimate catastrophic failure having actually occurred during Plaintiff Scott M. Edwards' use of the Incident Treestand for the ordinary and intended purpose of bow-hunting for deer from an elevated position in a tree, as herein alleged.

48.      Defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands' negligent and unreasonable inclusion of the "Cable" on the "Seat Section" on the Incident Treestand that allowed for ultimate catastrophic failure of the "Cable" and disconnection of the "Seat Section" from the tree during Plaintiff Scott M. Edwards' ordinary and intended use of the Incident

Treestand, was a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein alleged.

49.     In particular, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, was negligent by virtue of the negligent and unreasonable use of wire rope within the "Cable" that does not provide a adequate factor of safety for end-users and consumers like the Plaintiff, Scott M. Edwards, when using the Subject Model Treestand, generally, and the Incident Treestand, specifically, for the ordinary and intended purpose of bow-hunting for deer from an elevated position in a tree.

50.     Defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands' negligent and unreasonable use of wire rope within the "Cable" that does not provide an adequate factor of safety for end-users and consumers like the Plaintiff, Scott M. Edwards was a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein alleged.

51.     In particular, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, was negligent by virtue of the negligent and unreasonable use of aluminum segments and flexible plastic casing surrounding wire rope, which effectively eliminates the ability of end-users and consumers to inspect the Subject Model Treestand's "Cable" and the wire rope concealed within the "Cable", generally, and which did eliminate Plaintiff Scott M. Edwards' ability to inspect the Incident Treestand's "Cable" and the wire rope concealed within the Incident Treestand's "Cable," specifically.

52.     Defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands' negligent and unreasonable use of aluminum segments and flexible plastic casing surrounding wire rope was

Case 3:20-cv-00773-HEH    Document 94-10    Filed 10/20/21    Page 23 of 35 PageID#
Case: 3:21-cv-00571-slc    Document #: 1    Filed: 09/13/21    Page 23 of 35
1813

a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, and

all of Plaintiffs' injuries and damages, as herein alleged.

53.    In particular, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand

Treestands, by its agents, servants, and employees, was negligent by virtue of the negligent and

unreasonable use of a "Cable" design in both the Subject Model Treestand and the Incident

Treestand such that the "Cable" and the wire rope within the "Cable" becomes subjected to

loading, unloading, tensile stress, bending stress, and fatigue stress during the ordinary and

intended purpose of using the Subject Model Treestand, generally, and the Incident Treestand,

specifically, for bow-hunting for deer from an elevated position in a tree.

54.    Defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands' negligent

and unreasonable use of a "Cable" containing wire rope that is unreasonably susceptible to tensile

stress, bending stress, and fatigue stress was a substantial factor and proximate cause of the

catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein

alleged.

55.    In particular, defendant Alliance Outdoors Products, Inc., d/b/a X-Stand

Treestands, by its agents, servants, and employees, was negligent by virtue of the negligent and

unreasonable use of aluminum segments to encase the wire ropes of the "Cable" such that the

aluminum segments cause stress and fatigue to the wire ropes within the "Cable" during the

ordinary and intended purpose of using the Subject Model Treestand, generally, and the Incident

Treestand, specifically, for bow-hunting for deer from an elevated position in a tree.

56.    Defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands' negligent

and unreasonable use of aluminum segments to encase the wire ropes of the "Cable" such that the

aluminum segments cause stress and fatigue to the wire ropes within the "Cable" during Plaintiff

Scott M. Edwards' ordinary and intended use of the Incident Treestand, constituted a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein alleged.

57.     The defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, was otherwise negligent.

58.     The negligence of defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, was a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, as herein alleged.

59.     The negligence of defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, was a substantial factor and proximate cause of permanent injuries and damages to Plaintiff Scott M. Edwards, including past and future pain, suffering, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life, past and future medical expenses, past wage loss and impairment of future earning capacity, and other compensable injuries.

60.     The negligence of defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, by its agents, servants, and employees, was a substantial factor and proximate cause of injuries and damages to Plaintiff Kelli Edwards, including past and future pecuniary losses, and loss of society, companionship, and consortium of her husband, Plaintiff Scott M. Edwards.

### SECOND CAUSE OF ACTION
### CLAIMS FOR DAMAGES BASED ON NEGLIGENCE
### OF DEFENDANT ALLIANCE OUTDOOR GROUP, INC.

61.     Reallege and incorporate by reference herein, as if fully set forth, all the foregoing allegations.

Case 3:20-cv-00773-HEH    Document 94-10    Filed 10/20/21    Page 25 of 35 PageID#
Case: 3:21-cv-00571-slc   Document #: 1   Filed: 09/13/21   Page 25 of 35
1815

62.    Alliance Outdoor Group, Inc., by its agents, servants, and employees, owed a duty of care to actual and potential customers and consumers, including end-users like the Plaintiff, Scott M. Edwards, with respect to the Subject Model Treestand and the Incident Treestand. Such duties included, but were not limited to: designing, testing, manufacturing, distributing, selling, and otherwise placing into the stream of commerce, the Subject Model Treestand and the Incident Treestand in a fashion that is reasonably safe to end-users and consumers like Plaintiff Scott M. Edwards.

63.    Alliance Outdoor Group, Inc., by its agents, servants, and employees, breached these duties by, among other things, designing, testing, manufacturing, distributing, selling, and otherwise placing into the stream of commerce, the Subject Model Treestand and the Incident Treestand in a manner that was unreasonable and negligent.

64.    In particular, defendant Alliance Outdoor Group, Inc., by its agents, servants, and employees, was negligent by virtue of the inclusion of a "Cable" on the "Seat Section" on the Subject Model Treestand and on the Incident Treestand that allowed for ultimate catastrophic failure of the "Cable" and disconnection of the "Seat Section" from the tree during ordinary and intended use, said ultimate catastrophic failure having actually occurred during Plaintiff Scott M. Edwards' use of the Incident Treestand for the ordinary and intended purpose of bow-hunting for deer from an elevated position in a tree, as herein alleged.

65.    Defendant Alliance Outdoor Group, Inc.' negligent and unreasonable inclusion of the "Cable" on the "Seat Section" on the Incident Treestand that allowed for ultimate catastrophic failure of the "Cable" and disconnection of the "Seat Section" from the tree during Plaintiff Scott M. Edwards' ordinary and intended use of the Incident Treestand, was a substantial factor and

25

proximate cause of the catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein alleged.

66.    In particular, defendant Alliance Outdoor Group, Inc., by its agents, servants, and employees, was negligent by virtue of the negligent and unreasonable use of wire rope within the "Cable" that does not provide a adequate factor of safety for end-users and consumers like the Plaintiff, Scott M. Edwards, when using the Subject Model Treestand, generally, and the Incident Treestand, specifically, for the ordinary and intended purpose of bow-hunting for deer from an elevated position in a tree.

67.    Defendant Alliance Outdoor Group, Inc.' negligent and unreasonable use of wire rope within the "Cable" that does not provide an adequate factor of safety for end-users and consumers like the Plaintiff, Scott M. Edwards was a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein alleged.

68.    In particular, defendant Alliance Outdoor Group, Inc., by its agents, servants, and employees, was negligent by virtue of the negligent and unreasonable use of aluminum segments and flexible plastic casing surrounding wire rope, which effectively eliminates the ability of end-users and consumers to inspect the Subject Model Treestand's "Cable" and the wire rope concealed within the "Cable", generally, and which did eliminate Plaintiff Scott M. Edwards' ability to inspect the Incident Treestand's "Cable" and the wire rope concealed within the Incident Treestand's "Cable," specifically.

69.    Defendant Alliance Outdoor Group, Inc.' negligent and unreasonable use of aluminum segments and flexible plastic casing surrounding wire rope was a substantial factor and

proximate cause of the catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein alleged.

70.     In particular, defendant Alliance Outdoor Group, Inc., by its agents, servants, and employees, was negligent by virtue of the negligent and unreasonable use of a "Cable" design in both the Subject Model Treestand and the Incident Treestand such that the "Cable" and the wire rope within the "Cable" becomes subjected to loading, unloading, tensile stress, bending stress, and fatigue stress during the ordinary and intended purpose of using the Subject Model Treestand, generally, and the Incident Treestand, specifically, for bow-hunting for deer from an elevated position in a tree.

71.     Defendant Alliance Outdoor Group, Inc.' negligent and unreasonable use of a "Cable" containing wire rope that is unreasonably susceptible to tensile stress, bending stress, and fatigue stress was a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein alleged.

72.     In particular, defendant Alliance Outdoor Group, Inc., by its agents, servants, and employees, was negligent by virtue of the negligent and unreasonable use of aluminum segments to encase the wire ropes of the "Cable" such that the aluminum segments cause stress and fatigue to the wire ropes within the "Cable" during the ordinary and intended purpose of using the Subject Model Treestand, generally, and the Incident Treestand, specifically, for bow-hunting for deer from an elevated position in a tree.

73.     Defendant Alliance Outdoor Group, Inc.' negligent and unreasonable use of aluminum segments to encase the wire ropes of the "Cable" such that the aluminum segments cause stress and fatigue to the wire ropes within the "Cable" during Plaintiff Scott M. Edwards' ordinary and intended use of the Incident Treestand, constituted a substantial factor and proximate

27

cause of the catastrophic failure of the Incident Treestand, and all of Plaintiffs' injuries and damages, as herein alleged.

74.   The defendant Alliance Outdoor Group, Inc., by its agents, servants, and employees, was otherwise negligent.

75.   The negligence of defendant, Alliance Outdoor Group, Inc., by its agents, servants, and employees, was a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, as herein alleged.

76.   The negligence of defendant, Alliance Outdoor Group, Inc., by its agents, servants, and employees, was a substantial factor and proximate cause of permanent injuries and damages to Plaintiff Scott M. Edwards, including past and future pain, suffering, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life, past and future medical expenses, past wage loss and impairment of future earning capacity, and other compensable injuries.

77.   The negligence of defendant, Alliance Outdoor Group, Inc., by its agents, servants, and employees, was a substantial factor and proximate cause of injuries and damages to Plaintiff Kelli Edwards, including past and future pecuniary losses, and loss of society, companionship, and consortium of her husband, Plaintiff Scott M. Edwards.

## THIRD CAUSE OF ACTION
### CLAIMS FOR DAMAGES BASED ON STRICTLY PRODUCT LIABILITY OF DEFENDANT ALLIANCE OUTDOORS PRODUCTS, INC., D/B/A X-STAND TREESTANDS

78.   Reallege and incorporate by reference herein, as if fully set forth, all the foregoing allegations.

79.    The defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, was at all times material hereto engaged in the business of designing, testing, manufacturing, marketing, selling, and distributing the Subject Model Treestand.

80.    The defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, was at all times material hereto engaged in the business of designing, manufacturing, marketing, selling, and distributing the Incident Treestand.

81.    The Incident Treestand was of the type frequently manufactured, designed, marketed, sold, and distributed by defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands,

82.    The Incident Treestand was placed in to the stream of commerce in Wisconsin by the defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands,

83.    That the "Seat Section" including the "Cable" of the Incident Treestand reached the Plaintiff, Scott M. Edwards, without substantial change in the condition in which it was sold and/or placed in to the stream of commerce in Wisconsin by defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands.

84.    That the defective condition(s) alleged herein rendered the Incident Treestand unreasonably dangerous to persons or property, said persons including but not limited to the Plaintiff, Scott M. Edwards.

85.    That the defective condition(s) alleged herein existed at the time that the Incident Treestand left the control of defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands.

86.    That the defective condition(s) alleged herein were a cause of the damages alleged herein by Plaintiffs Scott M. Edwards and Kelli Edwards.

29

87.     The Subject Model Treestand, and the Incident Treestand – including the "Seat Section" and the "Cable" – are defective in design, and defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, is strictly liable to Plaintiffs Scott M. Edwards and Kelli Edwards pursuant to Wisconsin Statutes § 895.047.

88.     The foreseeable risk of harm (including but not limited to the foreseeable risk of harm that accompanies a unexpected fall from height while ascending, descending, or at desired elevation in a tree) posed by the Subject Model Treestand and the Incident Treestand – including the "Seat Section" and the "Cable" – could have been reduced or avoided by the adoption of a reasonable alternative design by defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, and the omission of this alternative design renders the Subject Model Treestand and the Incident Treestand not reasonably safe.  Reasonable alternative designs to the "Cable" on the "Seat Section" of the Subject Model Treestand and the Incident Treestand that could have reduced or avoided the foreseeable risk of harm (such foreseeable risk including but not limited to unexpectedly falling from a height while ascending, descending, or from desired elevation in a tree), include, but are not limited to, the use of a single ¼ inch diameter wire rope with cable stops crimped to the wire rope, followed by a polymer coating that covers the wire rope and the cable stops.

89.     The Subject Model Treestand, and the Incident Treestand – including the "Seat Section" and the "Cable" – are defective because of inadequate instructions and/or warnings, and the omission of adequate instructions and/or warnings rendered the Incident Treestand not reasonably safe, and defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, is strictly liable to Plaintiffs Scott M. Edwards and Kelli Edwards pursuant to Wisconsin Statutes § 895.047.

90.     The Subject Model Treestand and the Incident Treestand – including the "Seat Section" and the "Cable" – are defective in manufacture, and defendant Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, is strictly liable to Plaintiffs Scott M. Edwards and Kelli Edwards pursuant to Wisconsin Statutes § 895.047.

91.     That the defective condition(s) alleged herein constituted a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, as herein alleged.

92.     That the defective condition(s) alleged herein constituted a substantial factor and proximate cause of permanent injuries and damages to Plaintiff Scott M. Edwards, including past and future pain, suffering, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life, past and future medical expenses, past wage loss and impairment of future earning capacity, and other compensable injuries.

93.     That the defective condition(s) alleged herein constituted a substantial factor and proximate cause of injuries and damages to Plaintiff Kelli Edwards, including past and future pecuniary losses, and loss of society, companionship, and consortium of her husband, Plaintiff Scott M. Edwards.

## FOURTH CAUSE OF ACTION
## CLAIMS FOR DAMAGES BASED ON STRICTLY PRODUCT LIABILITY OF DEFENDANT ALLIANCE OUTDOOR GROUP, INC.

94.     Reallege and incorporate by reference herein, as if fully set forth, all the foregoing allegations.

95.     The defendant, Alliance Outdoor Group, Inc., was at all times material hereto engaged in the business of designing, testing, manufacturing, marketing, selling, and distributing the Subject Model Treestand.

31

96.     The defendant, Alliance Outdoor Group, Inc., was at all times material hereto engaged in the business of designing, manufacturing, marketing, selling, and distributing the Incident Treestand.

97.     The Incident Treestand was of the type frequently manufactured, designed, marketed, sold, and distributed by defendant, Alliance Outdoor Group, Inc.,

98.     The Incident Treestand was placed in to the stream of commerce in Wisconsin by the defendant, Alliance Outdoor Group, Inc.,

99.     That the "Seat Section" including the "Cable" of the Incident Treestand reached the Plaintiff, Scott M. Edwards, without substantial change in the condition in which it was sold and/or placed in to the stream of commerce in Wisconsin by defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands.

100.    That the defective condition(s) alleged herein rendered the Incident Treestand unreasonably dangerous to persons or property, said persons including but not limited to the Plaintiff, Scott M. Edwards.

101.    That the defective condition(s) alleged herein existed at the time that the Incident Treestand left the control of defendant, Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands.

102.    That the defective condition(s) alleged herein were a cause of the damages alleged herein by Plaintiffs Scott M. Edwards and Kelli Edwards.

103.    The Subject Model Treestand, and the Incident Treestand – including the "Seat Section" and the "Cable" – are defective in design, and defendant Alliance Outdoor Group, Inc., is strictly liable to Plaintiffs Scott M. Edwards and Kelli Edwards pursuant to Wisconsin Statutes § 895.047.

104.    The foreseeable risk of harm (including but not limited to the foreseeable risk of harm that accompanies a unexpected fall from height while ascending, descending, or at desired elevation in a tree) posed by the Subject Model Treestand and the Incident Treestand – including the "Seat Section" and the "Cable" – could have been reduced or avoided by the adoption of a reasonable alternative design by defendant Alliance Outdoor Group, Inc., and the omission of this alternative design renders the Subject Model Treestand and the Incident Treestand not reasonably safe.  Reasonable alternative designs to the "Cable" on the "Seat Section" of the Subject Model Treestand and the Incident Treestand that could have reduced or avoided the foreseeable risk of harm (such foreseeable risk including but not limited to unexpectedly falling from a height while ascending, descending, or from desired elevation in a tree), include, but are not limited to, the use of a single ¼ inch diameter wire rope with cable stops crimped to the wire rope, followed by a polymer coating that covers the wire rope and the cable stops.

105.    The Subject Model Treestand, and the Incident Treestand – including the "Seat Section" and the "Cable" – are defective because of inadequate instructions and/or warnings, and the omission of adequate instructions and/or warnings rendered the Incident Treestand not reasonably safe, and defendant Alliance Outdoor Group, Inc., is strictly liable to Plaintiffs Scott M. Edwards and Kelli Edwards pursuant to Wisconsin Statutes § 895.047.

106.    The Subject Model Treestand and the Incident Treestand – including the "Seat Section" and the "Cable" – are defective in manufacture, and defendant Alliance Outdoor Group, Inc., is strictly liable to Plaintiffs Scott M. Edwards and Kelli Edwards pursuant to Wisconsin Statutes § 895.047.

107.    That the defective condition(s) alleged herein constituted a substantial factor and proximate cause of the catastrophic failure of the Incident Treestand, as herein alleged.

33

108. That the defective condition(s) alleged herein constituted a substantial factor and proximate cause of permanent injuries and damages to Plaintiff Scott M. Edwards, including past and future pain, suffering, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life, past and future medical expenses, past wage loss and impairment of future earning capacity, and other compensable injuries.

109. That the defective condition(s) alleged herein constituted a substantial factor and proximate cause of injuries and damages to Plaintiff Kelli Edwards, including past and future pecuniary losses, and loss of society, companionship, and consortium of her husband, Plaintiff Scott M. Edwards.

**WHEREFORE**, Plaintiffs, Scott M. Edwards and Kelli Edwards, pray for relief on the entire Complaint, and as to each and every cause of action, as follows:

**a)** Judgment to be entered against defendants Alliance Outdoors Products, Inc., d/b/a X-Stand Treestands, Alliance Outdoor Group, Inc., and Everest National Insurance Company and ABC Insurance Company on all causes of action set forth in this Complaint and all damages suffered and incurred;

**b)** Plaintiffs be awarded full, fair, and complete recovery for all claims and causes of action and damages suffered relevant to this action;

**c)** Plaintiffs be awarded all appropriate costs, fees, expenses, and pre-judgment and post judgment interest, as authorized by law on the judgments entered on the Plaintiffs' behalf;

**d)** General damages according to proof at the time of trial;

**e)** Medical and other special damages, past, present, and future, according to proof at time of trial;

**f)** Such other relief and damages the court deems just and proper.

34

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues and all actions against the Defendants

in this action.

Dated at Wausau, Wisconsin, this 13th day of September, 2021.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiff

Electronically Signed By:    /s/ Peter M. Young
Atty. Peter M. Young
WI State Bar No. 1062054
Email: pyoung@habush.com
Atty. Timothy S. Trecek
WI State Bar No. 1021161
Email: ttrecek@habush.com

**P.O. ADDRESS:**
Habush Habush & Rottier, S.C.
227110 Harrier Avenue
P.O. Box 1987
Wausau, WI 54401
(715)842-4444