**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

RICHARD WALKER,                                              Plaintiff,

v.               Civil Action No.: 3:20-cv-773

ALLIANCE OUTDOOR GROUP, INC.,
And
ALLIANCE OUTDOORS PRODUCTS, INC.,
d/b/a X-STAND TREESTANDS,                                    Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE
DEFENDANTS' MOTION IN LIMINE TO
EXCLUDE REFERENCE TO OSHA AND MACHINERY HANDBOOK STANDARDS**

The Plaintiff, by counsel, pursuant to Rule 7 of the Local Rules, by and through his attorneys, hereby submits his Response to the Defendants' Motion in Limine to Exclude Reference to OSHA and Machinery Handbook Standards:

I.    Sardis Is Not On Point.

The defendants contend that Sardis v. Overhead Door Corp., 10 F.4th 268 (4th Cir. 2021) stands for the proposition that the plaintiff's expert Mr. Dickinson cannot testify as to standards other than ASTM standards for treestands. This is not correct.

In Sardis, a plaintiff's expert who performed no testing whatsoever cited to an ASTM standard only, and on cross-examination he agreed that the only ASTM standard he cited was incorrect and inapplicable. He had no other standards upon which to rely. The Fourth Circuit took issue with what it considered a lack of gate-keeping on the part of the trial court. Id.

In the instant case, Dickinson's opinion is that the ASTM standards for treestands are not adequate with a factor of 2 only; that steel wire rope specifications with a factor of 5 are and should be the factor of safety required for use of steel wire rope. In so doing, he relied upon prior testing, OSHA standard 1926.1414, the Machine Handbook, and the Wire Rope User's Manual.

1

II.     The Machinery Handbook Provides a Clear Factor of Safety for Steel Wire Rope.

The defendants contend that the Machinery Handbook is not a Standard. It is unclear how it is not a standard or at least evidence in support of a standard when the language expressly cited by the defense in their brief reads as follows:

> Safe Working Loads and Factors of Safety—The maximum load for which a wire rope is to be used should take into account such associated factors as friction, load caused by bending around each sheave, acceleration and deceleration [and] … The condition of the rope—whether new or old, worn or corroded—and type of attachments should be considered.
>
> Factors of Safety for standard rope usually range from 3 to 4; for operating rope, from 5 to 12. Where there is the element of hazard to life or property, higher values are used.

See Defendant's Memorandum in Support of their Motion, Page 4. The Machinery Handbook is literally telling users what factor of safety should be implemented. It gives a minimum of five for standing rope, and states that when there is "the element of hazard to life or property, higher values are used." Id. These are the factors necessary to be reasonably safe.

The standards articulated in the Machinery Handbook serve as further evidence, along with the recall, that the ASTM standard of a factor of safety of two is inadequate, and that a factor of safety of five is the proper setting, and as such should be admitted.

III.    The OSHA Standard is Evidence of The Inappropriateness of a Factor of Safety of Two.

Concerning the OSHA standards, Mr. Dickinson testified, "It is written to provide safe workplaces. It's not specifically applicable to treestands or recreational, but it does establish or help to establish the industrial standards." Id. at 48.

The defendants contend that Norris v. Excel Indus., 139 F. Supp. 3d 742 (2015), bars the use of OSHA 1926.1414 for purposes of establishing the factor of safety. But upon close reading,

2

that case is not on point. In that case, the plaintiff was using a riding lawnmower that did not have a rollover protection system (ROPS). The court held that "[a] plaintiff cannot survive summary judgment unless she creates a genuine despite of material fact that a product's design did not conform to (1) a government standard, (2) an industry standard, or (3) the reasonable expectations of consumers." Id. at 748.

That plaintiff argued that the defendant violated government standards and attempted to use OSHA sections to support this. The two OSHA sections he relied upon required the presence of an ROPS on zero-turn radius mowers. The Court refused to apply the two OSHA sections because embedded within each of the two standards was additional language that limited the applicability and scope to "agricultural and industrial tractors used in construction work" and "a wheel-type vehicle of more than 20 engine horsepower, used in construction work, that is designed to furnish the power to pull, propel, or drive implements," respectively. The product at issue was not included within the direct scope of the two sections the plaintiff claimed had been violated.

The Court thereafter likewise opined that "OSHA standards are set to ensure that an employer furnishes to his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees…. As such, the court is unable to find any applicable government standard and concludes that there is no evidence that Excel failed to comply with any government standard in the design of the Hustler Z." Id. at 748-49. The Court then moved on to consider industry standards proffered by the parties.

What Norris effectively means, then, is that OSHA standards cannot be used to satisfy the element of "failure to conform to a government standard," but it says absolutely nothing to exclude

OSHA sections as evidence of industry standards, or as evidence that industry standards are inadequate, or evidence of consumer expectations.

The OSHA standards in this case are relevant, because they provide evidence that the ASTM standard of a factor of safety of two is inadequate. Arguably, the OSHA standards are especially compelling because OSHA is intended to keep employees safe, and Mr. Walker and similarly placed individuals are never more vulnerable and dependent on the strength of a steel wire rope than when up in a tree hunting solo.

    IV.    <u>The OSHA Regulations and the Machinery Handbook Do Not Constitute Inadmissible Hearsay.</u>

Rule 803(18) permits parties to admit statements in learned treatises, periodicals, or pamphlets. Under this rule, "[a] statement contained in a treatise, periodical, or pamphlet if:

(A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and

(B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice

If admitted, the statement may be read into evidence but not received as an exhibit.

FRE R. 803(18). FRE R. 703 is also on point. Statutes and regulations do not constitute hearsay. The defendants' objection is to some degree internecine. Plaintiff reserves the right to make other arguments concerning admissibility at trial. But what is clear is that the OSHA Regulations and Machinery Handbook do not constitute inadmissible hearsay.

V.    <u>Conclusion</u>

For all the reasons given herein, the plaintiff does respectfully ask this Court to Overrule the Defendants' Motion in Limine, and for entry of an Order consistent with this Motion, and for all other relief this Court deems fair.

RICHARD WALKER

By Counsel

/s/ William B. Kilduff
William B. Kilduff, Esquire
VSB # 16665
Christopher L. Spinelli, Esquire
VSB # 51332
EMROCH & KILDUFF, LLP
3600 West Broad Street, Suite 700
P. O. Box 6856
Richmond, VA 23230-0856
(804) 358-1568
(804) 353-5817 (fax)
wkilduff@emrochandkilduff.com
cspinelli@emrochandkilduff.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing Memorandum electronically with the Clerk of Court via the Court's CM/ECF system, which caused a true and accurate copy of the same to be sent this 20th day of October, 2021 to:

>Barry B. Sutton, *Admitted Pro Hac Vice*
>Steven D. Brock, *Admitted Pro Hac Vice*
>151 South Old Woodward Ave., Ste. 200
>Birmingham, MI 48009
>Phone: (313) 965-8577 – Sutton
>Phone: (248) 988-1811 -- Brock
>bsutton@clarkhill.com
>sbrock@clarkhill.com
>
>FRITH ANDERSON + PEAKE, P.C.
>Sean C. Workowski (USB No. 36120)
>Nathan H. Schnetzler (USB No. 86437)
>29 Franklin Road, SW
>Roanoke, Virginia 24006-1240
>Telephone: (540) 772-4600
>Facsimile: (540) 772-9167
>sworkowski@faplawfirm.com
>nschnetzler@faplawfirm.com
>
>*Counsel for Defendants*

>_/s/ William B. Kilduff_____
>William B. Kilduff, Esquire
>VSB # 16665
>Christopher L. Spinelli, Esquire
>VSB # 51332
>EMROCH & KILDUFF, LLP
>3600 West Broad Street, Suite 700
>P. O. Box 6856
>Richmond, VA 23230-0856
>(804) 358-1568
>(804) 353-5817 (fax)
>wkilduff@emrochandkilduff.com
>cspinelli@emrochandkilduff.com
>*Counsel for Plaintiff*